[No. 6581.   Decided April 15, 1907.]

PORT TOWNSEND SOUTHERN RAILROAD COMPANY, *Appellant*,
v. STEFANO BARBARE *et al.*, *Respondents.*[1]

EMINENT DOMAIN—DAMAGES—MARKET VALUE—EVIDENCE. In condemnation proceedings the desire or unwillingness of the defendant to sell the land cannot be shown upon the question of its market value.

SAME—EVIDENCE—OTHER SALES. In condemnation proceedings, it is incompetent for the defendant, upon the issue as to the market value of the property, to show the price paid by the condemning party for similar property.

SAME—CROSS-EXAMINATION. Where, in condemnation proceedings, the court has permitted the defendant, on cross-examination of the relator's witnesses, to show the price paid by the relator for similar property, it is error to refuse to allow the relator to show all the facts and circumstances under which its agents purchased the same.

SAME—JUDGMENT—ENTRY—ELECTION. In condemnation proceedings, after an assessment of damages by the jury, judgment cannot be entered for the amount of the award before the relator's election to take the property, nor can the relator be required to make the election at once, but the same may be made within a reasonable time after the decree of appropriation.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered October 3, 1906, after a trial on the merits, for the amount of damages assessed by a jury for the value of land, in a condemnation proceeding upon the relator's refusal to elect to take or abandon the land. Reversed.

*J. F. Fitch* and *Charles Bedford*, for appellant.
*Walter M. Harvey*, for respondents.

MOUNT, J.—This appeal is taken from a judgment in condemnation. The appellant brought the action to condemn certain lands in Pierce county belonging to respondents. The

[1] Reported in 89 Pac. 710.

usual order was made adjudging the use to be a public use and necessary for the appellant. Thereupon the question of value of the lands was tried to the court and a jury. A verdict was returned assessing the value of the land at $16,000. Thereupon the trial court required the appellant to elect at once whether it would pay the award and take the land or abandon the same. The appellant refused to elect, and thereupon a money judgment and decree of appropriation was entered. The appeal is from that judgment.

During the trial the following occurred, while respondent Stefano Barbare was a witness in his own behalf. His counsel asked the following question: "Are you anxious or ready or willing to sell to this railroad company?" An objection was interposed and the court ruled as follows: "I think that this is an element. If he has his property on the market for sale, it is a question. If he has not got it on the market that is another thing, and if he wants to keep it, that is another thing also. . . . I am inclined to think that it is competent to show whether this man is offering this property for sale or whether he is not, or whether he wants to part with it, or whether he does not. I think you can go on, but I am not very clear on that." Thereupon counsel for respondents changed the question to read as follows: "Have you ever offered this property for sale, or has it been offered for sale to your knowledge?" This question was again objected to and the objection denied, and respondent answered as follows: "I never told any one that I wanted to sell. I never had any intention of selling, and always told everybody that I did not want to sell it for any amount of money they would give me." Appellant moved to strike this evidence, and the court ruled as follows: "I think it is competent to show that a man don't want to part with his property at any figure, and that he wants to keep it. I think that is an element which the jury can consider in estimating the price that a party will take. I do not think it is a question of market value." The court thereafter, when instructing the

jury, followed this ruling up by saying: "Whether or not this property has been for sale by the owner or whether he wishes to keep it and not part with it, is another fact which you have a right to consider in fixing the market value."

The admission of this evidence and the ruling and instruction of the court upon it were clearly errors. The condemning party is required to pay the just or full compensation for the property taken. Such compensation is the market value of the property, and the desire or unwillingness of the owner to sell does not in the least affect the market value, and a jury should not consider such elements. The rule is stated in 2 Lewis on Eminent Domain (2d ed.), § 478, as follows:

"In estimating the value of property taken for public use it is the market value of the property which is to be considered. The market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged to sell it, and is bought by one who is under no necessity of having it. In estimating its value all the capabilities of the property, and all the uses to which it may be applied or for which it is adapted, are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner. It is not a question of the value of property to the owner. Nor can the damages be enhanced by his unwillingness to sell. On the other hand, the damages cannot be measured by the value of the property to the party condemning it, nor by its need of the particular property," etc.

This rule is just and fully sustained by the authorities cited in the notes. Many others might be cited. When the appellant was endeavoring to prove the market value of the property in question, several witnesses testified thereto, and upon cross-examination by respondent these witnesses were asked concerning sales of other lots in the same vicinity to the appellant company, and the prices paid therefor. The trial court permitted this cross-examination, over the objection of appellant, and permitted appellant on redirect ex-

amination to examine the witnesses as to the conditions of the sales and the items taken into consideration in agreeing upon such prices, but refused to permit the appellant to examine the agent of the appellant who purchased the other properties, as to the items and the reasons for paying the prices which had been paid therefor. We think this was error. Proof of sales of similar property to that in question, made at or about the time of the taking, is almost universally approved. 2 Lewis, Eminent Domain (2d ed.), § 443. But purchases by the condemning party are incompetent, and are inadmissible in evidence to prove market value. 2 Lewis, Eminent Domain (2d ed.), § 447.

But, assuming that it was proper to permit the evidence upon cross-examination, the court having permitted the respondents to go into that question, the appellant ought to have been permitted in rebuttal to show all the facts and circumstances taken into consideration when its agents purchased such other lots, so that the jury might intelligently pass upon the question whether such sales were based upon the fair market value of those lots and thereby determine to what extent the selling price of other lots tended to prove the market value of the lots in question. We think justice required this much at least.

It is contended that the court erred in entering up a money judgment and decree of appropriation, before the appellant had taken possession of the land and before the money was paid into court. We settled the practice in this class of cases in *Port Angeles Pac. R. Co. v. Cooke*, 38 Wash. 184, 80 Pac. 305, when we said:

"After an adjudication of the necessity of appropriation provided for by Bal. Code, § 5640, two further judgments are required in condemnation proceedings, under our eminent domain act, the first to be entered upon the verdict of the jury, or the findings of the court assessing the damages, for the amount of said damages to be awarded the property owners. Bal. Code, § 5641. If the petitioner pays into court the damages awarded, and takes possession of the

property, then another judgment or decree of appropriation of the land . . . is required,"
vesting the title in the condemning party. Bal. Code, § 5642 (P. C. § 5107). We have no desire to depart from the rule of the statute or practice there announced. Such rule can work no hardship. The private owner cannot be disturbed in his possession until the award is first paid into court for his use. The condemning party is not entitled to a decree of appropriation until the award is paid into court. The trial court would certainly not be authorized to enter a decree of appropriation upon the motion of the appropriator without the money having been first paid; nor could the court require the party seeking to appropriate to take the property against its will, especially before the damages had become finally determined. It is true no time is fixed within which the condemning party must pay the award. It must, therefore, do so within a reasonable time, or be held to have abandoned the proceedings. Any time before the judgment upon the verdict becomes final cannot be said to be within a reasonable time.

The judgment is therefore reversed, and the cause remanded for a new trial.

Hadley, C. J., Root, Crow, and Fullerton, JJ., concur.