[No. 34680. Department One. April 23, 1959.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY LARSON *et al., Appellants.*[1]

[1]Reported in 338 P. (2d) 135.

*Clarence L. Gere*, for appellants.

*The Attorney General, John C. O'Rourke* and *John K. Pain, Jr., Assistants*, for respondent.

OTT, J.—In a condemnation proceeding instituted by the state of Washington, the jury awarded the defendants seventy-five hundred dollars for 8.1 acres for a gravel pit site, and an additional eight hundred dollars for a limited easement for ingress and egress thereto. The defendants have appealed.

Appellants assign error to the ruling of the court striking the testimony of several of their expert witnesses. The motion to strike the testimony was granted, when, upon cross-examination, it was established that the witnesses had based their opinion of the fair market value of the acreage involved solely upon a formula of the number of yards of sand and gravel in place, multiplied by the market price of gravel per yard.

Fair market value is the amount of money (after taking into consideration all uses to which the property is adapted and might be applied) which a purchaser willing, but not obliged, to buy would pay to a owner willing, but not obligated, to sell. *Donaldson v. Greenwood*, 40 Wn. (2d) 238, 242 P. (2d) 1038 (1952).

■ In *State v. Mottman Mercantile Co.*, 51 Wn. (2d) 722, 321 P. (2d) 912 (1958), this court held that, in the absence of proof of a market demand and other variable factors which affect yardage values, "it is improper to arrive at a conclusion concerning the value of property which has a mineral content by multiplying the assumed number of cubic yards of material available times a given price per unit."

■ Applying the cited rule of law to the proffered evidence in the instant case, we conclude that the court did not err in striking the testimony.

Appellants assign error to the ruling of the court striking the testimony of the owner relating to fair market value. On cross-examination, he testified, *inter alia*, as follows:

"Q. Mr. Larson, this conclusion of yours that the fair market value of 8.1 acres is $225,000.00, is it based upon a multiplication of the number of yards times the price? A. Yes."

■ An owner of property may testify as to its value (without qualifying as an expert), upon the assumption that he is particularly familiar with it and, because of his ownership, knows of the uses for which it is particularly adaptable. *Weber v. West Seattle Land & Imp. Co.*, 188 Wash. 512, 63 P. (2d) 418 (1936). However, when, as here, the owner has not used his intimate experience with and knowledge of the land's uses as a basis for determining its fair market value, but has obviously determined it upon the application of an improper formula, his opinion fails to meet the test and, therefore, has no probative value.

■ The court did not err in striking the owner's testimony in so far as it related to his opinion of the fair market value of the property.

Appellant next assigns error to the court's refusal to admit into evidence exhibit No. 8, which was a copy of a lease agreement with the owner of a nearby gravel pit, and in which the state had agreed to pay ten cents per yard for the gravel in place.

■ In the instant case, there was no evidence that, at the time of the condemnation action, a prospective pur-

chaser would be willing to pay for the 8.1 acres of land a sum equal to the number of yards of gravel contained therein, multiplied by ten cents per yard. The just compensation to be paid to an owner of property, in a constitutional sense, is what an owner has lost at the time of condemnation, and not what the condemner has gained. *Port Townsend Southern R. Co. v. Barbare*, 46 Wash. 275, 89 Pac. 710 (1907); 4 Nichols, Eminent Domain (3d ed.), 42, § 12.21.

In the instant case, the court and jury were concerned only with evidence which would tend to establish the fair market value of the 8.1 acres, which contained sand and gravel in place. For the reasons stated, the offered exhibit was properly excluded.

Finally, appellants assign error to the court's permitting the state to elect to condemn only a limited easement for ingress and egress, leaving the remaining use and title in the owner. The jury allowed appellants eight hundred dollars in damages for the limited easement.

We find no merit in this assignment of error, for the reason that the right to take property for easement purposes and reserve easement rights and title in the property owner is in harmony with the fundamental principle in condemnation proceedings that no greater estate or interest should be taken than is reasonably necessary to accomplish the public use or necessity. *State ex rel. Eastvold v. Superior Court*, 48 Wn. (2d) 417, 294 P. (2d) 418 (1956).

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.