[No. 36087.   Department Two.   March 22, 1962.]

PACIFIC INTERMOUNTAIN EXPRESS, *Appellant*, v. CLYDE
OLSON *et al., Respondents.*\*

*Loney, Westland & Koontz,* for appellant.

*Leavy & Taber, Olson & Olson,* and *Kahin, Carmody & Horswill,* for respondents.

OTT, J.—November 30, 1958, at 8:30 p. m., Clyde Olson, accompanied by Charles A. McCarver, was driving McCarver's Ford automobile in a southerly direction on highway No. 395, eight miles south of Lind, Washington. The

\* Reported in 369 P. (2d) 856.

automobile went out of control, due to an unforeseen icy condition of the highway, and came to rest on its side on the east shoulder of the highway, protruding onto the pavement about eighteen inches. A few moments later, a Chrysler automobile, owned by the Modernaires and also being driven in a southerly direction, stopped so that its occupants could render aid to Olson and McCarver. The Modernaires' automobile was approximately eighteen inches upon the paved portion of the west side of the highway.

At the same time, an automobile, being driven in a northerly direction by Curtis Essley, stopped opposite the Modernaires' vehicle, partially on the pavement on the east side of the highway. After the Essley automobile stopped, Clifford Starr approached from the north, driving a tractor and trailer belonging to Pacific Intermountain Express. Mr. Starr drove the tractor-trailer between the Essley and Modernaires automobiles, continuing on for a distance of approximately one quarter of a mile to a place on the highway provided for turnouts. He placed a fusee on the highway and flagged an automobile to ride back to the scene of the accident.

Prior to Starr's return, a Cadillac automobile, driven by Wayne Bailie, skidded on the ice, struck the Olson-McCarver automobile, and came to rest diagonally across the highway in a disabled condition. Mr. Bailie immediately got out of his automobile, and "this lady was screaming and I asked if they was hurt and she said no, she was just hysterical." He then asked the others to assist him in warning the driver of a Pacific Intermountain Express tractor and trailer that he knew was following a short distance behind. Bailie and several others ran north on the highway a short distance beyond the overturned Ford and saw the oncoming Pacific Intermountain Express tractor-trailer. They waved to signal the driver to stop and, as the vehicle approached them, they leaped into the adjoining field to avoid being struck.

Earl Carroll, the driver of the vehicle, seeing what he estimated to be ten or fifteen people blocking the highway, intentionally drove the tractor-trailer into the east bank

of the highway, north of the Olson-McCarver automobile. The trailer jackknifed, forcing the tractor into the Olson-McCarver Ford and pushing it approximately three car lengths before the tractor-trailer came to a stop.

Pacific Intermountain Express commenced this action to recover for the cargo loss and damage to its equipment against Olson, McCarver, Bailie, Essley, and the Modernaires, alleging them to be joint tort-feasors. The jury returned a verdict for the plaintiff. The court, upon motion, entered judgment for the defendants, notwithstanding the verdict, upon the ground that the evidence failed to establish negligence on the part of the defendants.

From the judgment of dismissal, the plaintiff has appealed.

The sole question on this appeal is whether there was sufficient evidence of negligence to sustain the verdict of the jury.

■ Negligence is never presumed, but must be established by evidence. *Arnold v. Sanstol,* 43 Wn. (2d) 94, 260 P. (2d) 327 (1953); *Shellenberger v. Zeman,* 48 Wn. (2d) 885, 297 P. (2d) 247 (1956).

The court instructed the jury that

" 'Negligence' is the failure to exercise reasonable and ordinary care, and by the term 'reasonable and ordinary care' is meant that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances or conditions. Negligence may consist in the doing of some act which a reasonably prudent person would not do under the same or similar circumstances, or in the failure to do something which a reasonably prudent person would have done under the same or similar circumstances."

■ This definition of negligence became the law of the case. *Madigan v. Teague,* 55 Wn. (2d) 498, 348 P. (2d) 403 (1960). The evidence is undisputed that the icy condition of the highway was unforeseeable, could not have been discovered by the exercise of reasonable care, and that McCarver's and Bailie's automobiles became disabled as a result thereof.

■ An estimated eight minutes elapsed from the time the Olson-McCarver automobile overturned until the Bailie automobile arrived at the scene of the accident. During that period of time, the persons present attempted to render aid to those injured in the Olson-McCarver vehicle. There is no evidence in the record that the position of these automobiles, partially in the traveled portion of the highway or across the highway, contributed in any manner to Earl Carroll's driving the Pacific Intermountain Express tractor-trailer into the bank. In this regard, Carroll's testimony is as follows:

"Q. Did you notice as you put your brakes on, anytime before the accident, did you notice any cars in the middle of the road? A. I didn't even know the road was blocked. Q. All you saw— A. Until I got out of the cab, and I could see it was blocked. Q. As you were coming up, all you saw was people? A. People. Q. Plus the car on the shoulder? A. I didn't see the car on the shoulder coming up. Q. All you saw were people coming up? A. That is right. Q. You saw no cars until afterwards? A. That is right."

While the first persons who had stopped to render aid were engaged in that activity, the Bailie automobile arrived, was immobilized, and obstructed the highway. Approximately two minutes elapsed between the time that the Bailie automobile came to rest and Earl Carroll's truck-trailer struck the bank. During that time, Bailie got out of his automobile and enlisted the aid of Olson, McCarver, and at least one of the Modernaires to warn Earl Carroll. The fact that their conduct in attempting to warn Carroll did not apprise him of approaching danger, but, instead, gave him the impression, as he testified, that the highway was blocked with people, does not constitute negligence unless it can be said that the respondents' attempt to warn, under the circumstances, was not the conduct of reasonably prudent persons.

■ The court did not err when it determined, as a matter of law, that respondents' attempt to warn Earl Carroll met the test of that degree of care which would be exercised by reasonably prudent persons under the same

or similar circumstances; hence, it did not err in granting judgment notwithstanding the verdict of the jury. *Arnold v. Sanstol, supra.*

The judgment is affirmed.

FINLEY, C. J., HILL, FOSTER, and HUNTER, JJ., concur.