[No. 36429.   Department Two.   November 7, 1963.]

JOHN M. CARRAWAY *et al.*, *Appellants*, v. JAMES V. JOHNSON, *Respondent.*\*

\*Reported in 386 P. (2d) 420.

*William Eric Rohrs,* for appellants.

*Lycette, Diamond & Sylvester* and *Earle W. Zinn,* for respondent.

FINLEY, J.—Mr. and Mrs. Carraway (plaintiffs-appellants) instituted this action for the recovery of general and special damages arising from the death of their 2½-year-old son, Robert, who was killed when he was struck by a pickup truck owned and operated by Mr. Johnson (defendant-respondent). The jury returned a verdict in favor of the defendant, and the trial court entered judgment accordingly.

The accident occurred in Tacoma, Washington, on South 74th Street, a 45-foot-wide paved arterial, having a posted speed limit of 35 miles per hour. Mr. Johnson was driving in a westerly direction on South 74th at approximately 30 miles per hour; it was early evening, but still daylight, and the visibility was good. He noticed some children playing on the north side of the street when he was still one-half block away, and he slowed his truck. Johnson turned his gaze from the children just in time to observe Robert Carraway (the decedent) in the center of the street, about 50 feet in front of defendant's truck. He immediately applied his brakes, but made fatal contact with the child after skidding some 20 feet. None of the witnesses, including Johnson himself, was able to say with certainty whether the child had been in the street in a sufficient time for Johnson to have seen him in the exercise of ordinary care, or whether the child had darted into the street from concealment only an instant before Johnson saw him.

One witness, standing near the scene, observed the boy hiding behind a telephone pole shortly before the accident, but he did not see the actual impact or the events immediately preceding it. Another witness saw the impact from a passing car. Her testimony indicated that the boy was in view for a sufficient interval so that Johnson could

have observed him and stopped his car had he been keeping a proper lookout. This same witness, however, had signed a written statement immediately following the accident in which she said:

"The little boy darted out in front of Johnson and was waving his arms. Johnson just had no chance to avoid hitting him."

Generally, such statements would be hearsay and admissible only for impeachment purposes. The particular statement was admitted in evidence and read to the jury without any objection by counsel. Hearsay evidence, once admitted, can properly be considered both by the jury and by this court on appeal. *Callen v. Coca Cola Bottling, Inc.* (1957), 50 Wn. (2d) 180, 310 P. (2d) 236. We, therefore, are presented with a case where the evidence concerning the actual circumstances of the accident is conflicting, but is sufficient to support a jury's finding in accord with the defendant's theory that the boy darted into the street from concealment.

Since the law of this jurisdiction seems to preclude the possibility of contributory negligence on the part of a child of Robert Carraway's tender years, *Von Saxe v. Barnett* (1923), 125 Wash. 639, 217 Pac. 62, and there was no allegation of contributory negligence on the part of the plaintiff parents, the only issue to be resolved in the instant case is whether Mr. Johnson was negligent, and whether such negligence, if any, was the proximate cause of the accident. The jury verdict for the defendant necessarily forecloses this question, indicating that the jury found either that Johnson did keep a proper lookout or that no ordinary care on the part of Johnson would have prevented the accident (presumably because the boy darted into the path of the truck just before he was seen by the defendant). It remains only for this court to review the assignments of error concerning the instructions under which the jury reached its verdict.

▇ Appellant assigns error respecting the giving of an "unavoidable accident" instruction, which he claims was prejudicial, confusing to the jury, and not supported by the record. A comprehensive statement governing the use

of such an instruction was articulated in *Cooper v. Pay-N-Save Drugs, Inc.* (1962), 59 Wn. (2d) 829, 371 P. (2d) 43. This court has never reversed for a refusal to give such instruction, but this does not mean that such an instruction would be improper when there is evidence which shows or supports an inference that an unavoidable accident has occurred. In other words, when there is evidence which would support a jury's finding of unavoidable accident, the giving of the instruction is within the sound discretion of the trial judge, assuming he weighs the possibility that it will clarify the issues of negligence, or the lack of it, against the chance that it will confuse the jury or overstate the defendant's case.[1] This court will interfere only for abuse of sound discretion.

Our examination of the record leads us to conclude that there was evidence showing or justifying an inference that this accident occurred without having been proximately caused by the negligence of the defendant. Where an accident seems to have been proximately caused by the acts of a child too young to be tagged with contributory negligence, the accident may be considered "unavoidable" for the purposes of giving the otherwise dubious unavoidable-accident instruction. *Rettig v. Coco-Cola Bottling Co.* (1945), 22 Wn. (2d) 572, 156 P. (2d) 914. See *Gaylord v. Schwartz* (1955), 46 Wn. (2d) 315, 281 P. (2d) 247. The combined statements of the witnesses, first, locate the boy behind a telephone pole, and second, show him "darting"

---

[1] In the exercise of this sound discretion, a trial judge may not be unaware of the fact that it is difficult, if not well nigh impossible under present decisional law, to determine who is responsible for an accident which involves a minor child. In a lawsuit instituted by an injured child in his own right or by a guardian ad litem, not only do the tender years of the child shield him from blameworthiness or contributory negligence, but no negligence of his parents can be imputed to him— no matter how derelict the parents may have been in supervising the activities and safety of the child. *Adamson v. Traylor* (1962), 60 Wn. (2d) 332, 373 P. (2d) 961. Generally, accidents result from a conjunction of certain "causes in fact," and the elimination of these two potentially prime causes from legal contemplation may well confuse anyone intent upon fixing responsibility. It is the feeling of the writer of this opinion that, realistically, the giving of an unavoidable-accident instruction and its propriety may center around a consideration of the foregoing factors.

into the street. The jury could have accepted the "darting" theory, and found Mr. Johnson free of any negligence which could be said to have proximately caused the accident. We can find no abuse of discretion in the giving of the unavoidable-accident instruction by the trial court.

Appellant's next assignment of error is that the instruction, reading as follows, amounted to a comment on the evidence within the purview of the Washington State Constitution, Art. 4, § 16:

"You are instructed that if Robert Carraway suddenly and without warning ran from behind a telephone pole at the side of the road directly into the path of Defendant's Pick-Up Truck, and that the Defendant had no opportunity of avoiding him, then it will be your duty to return a verdict in favor of the Defendant."

■■ Each party is entitled to have the jury instructed upon his theory of the case, if such theory is called into play by substantial evidence. *Lidel v. Kelly* (1958), 52 Wn. (2d) 238, 324 P. (2d) 817. As previously outlined, the testimony of the witnesses provided a sufficient basis for the jury to consider the unavoidable-accident theory of the defendant in this case. To be a comment on the evidence within the purview of the constitutional provision, the jury must be able to infer from what the court said that it personally believed the evidence in question. Here, the trial court said, "you are instructed *that if* . . ." (italics ours), thus clearly leaving it to the jury to find whether the facts existed for the application of the instruction. We find no error in giving the requested instruction.

We have reviewed appellant's other assignments of error and find them to be without merit.

The judgment entered upon the jury finding for the defendant is affirmed.

OTT, C. J., DONWORTH, and WEAVER, JJ., concur.

HAMILTON, J., concurs in the result.