THE STATE OF WASHINGTON, *Respondent,* v. JOHN WESLEY
ELDER et al., *Appellants,* MARTHA BASEHART
*et al., Defendants.**

*Kenneth C. Hawkins,* for appellants.

*The Attorney General* and *William L. Donais, Assistant,*
for respondent.

OTT, J.—This is a condemnation proceeding in which the
jury awarded the sum of $7,600 to the property owner. The
evidence of damage and value was highly conflicting, rang-
ing from $82,000 upon the part of the owner's witnesses to
$7,600 upon the part of the state's witnesses.

The appeal is predicated solely upon the trial court's
alleged error in refusing to give several of appellants' pro-
posed instructions. None of the instructions which the court
gave were excepted to by appellants and they became the
law of the case. *Pacific Intermountain Express v. Olson,* 59
Wn.2d 666, 369 P.2d 856 (1962). On appeal, the appellants
admitted that the instructions correctly stated the law, but

*Reported in 423 P.2d 533.

alleged that they did not contain language which properly presented to the jury the appellants' theory of the case.

The instructions given, insofar as they are material to the issues on appeal, are as follows:

### Instruction No. 2

This is an action brought by petitioner for the purpose of acquiring certain property as described in the evidence admitted in this case. This property is sought by the petitioner for highway purposes. You are to ascertain the amount of just compensation to be paid by the petitioner to respondents.

### Instruction No. 3

Under our constitution private property may not be taken or damaged for public use without the payment of just compensation. The sole issue for your determination is the just compensation to be paid by the petitioner. You are not to concern yourselves with the wisdom of petitioner's project or the taking involved in this action, the court having already passed upon these questions.

### Instruction No. 4

"Just compensation" is the difference between the fair market value of the entire property before the acquisition and the fair market value of the remainder after the acquisition.

In determining just compensation you shall consider the fair market value of the property acquired, and in addition thereto, any damages caused by such acquisition to the remainder of the property.

### Instruction No. 5

"Fair market value" is the amount of money which a well informed buyer, willing but not obliged to buy the property, would pay, and which a well informed seller, willing but not obligated to sell it, would accept, taking into consideration all uses to which the property is adapted and might in reason be applied.

### Instruction No. 6

In arriving at your conclusion as to just compensation you should take into consideration any and all uses to which the property in question is adaptable at the time of trial. You also should take into consideration the exist-

ing wants of the community where the property is situated or such wants as may be reasonably expected in the reasonably near future.

## Instruction No. 7

In ascertaining what compensation should be paid for damages, if any, to the remainder of the property, you should take into consideration the uses for which the land is adaptable before and after the acquisition, the character and quality of the property, the shape and condition in which such remaining property is left, the conveniences for using the property before and after such acquisition, and such other factors you believe would affect the fair market value of the property.

Injury or depreciation to such remaining lands does not follow as a matter of law by the mere taking of property for public use, but must be found from the evidence.

## Instruction No. 8

You are instructed that the abutting owner upon a highway is entitled to a right of reasonable access to said highway.

If you should find that the access road does not provide reasonable access to the new highway, then you should compensate the respondents for the change in their access right by valuing his property with a right of direct access and valuing his property with the access which will be provided by the petitioner, or without such access, if such be the fact.

## Instruction No. 9

In this case if you should find that the land taken contains sand and gravel, you are instructed that the measure of compensation is the fair market value of the land taken with the sand and gravel in it. The profits or price or royalties or value of such sand and gravel, if the same or any part thereof will be taken by the proposed limited access highway, should not be considered by you as sand and gravel in stockpile in arriving at your verdict. The number of yards of sand and gravel that could be gotten from the land and the value thereof or the royalties thereon are not to be considered except as they may guide you in fixing the fair market value of the lands taken or injury to the remaining lands.

## Instruction No. 10

In arriving at the amount of compensation to be paid the respondents, you should not consider anything which is remote, imaginary, or speculative, even though mentioned or testified to by witnesses. The only elements which you should take into consideration are those which will actually affect the fair market value of the property and which are established by the evidence.

## Instruction No. 11

The state has introduced evidence showing the manner in which this highway will be constructed. The petitioner is bound to construct the said highway in accordance with this evidence, and you are therefore instructed to consider this evidence as it tends to affect the fair cash market value of respondents' remaining property.

## Instruction No. 12

You have been permitted under direction of the court to view the property involved in this action. This opportunity was afforded in order that you might better understand the evidence.

## Instruction No. 13

You are the sole judges of the credibility of the witnesses and of what weight is to be given the testimony of each. In determining what credit is to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence.

## Instruction No. 14

In determining the weight to be given any opinion which has been expressed by a witness, you should consider, in addition to the general rules for determining the credibility of witnesses contained in these instructions, the facts upon which such opinion is based, and the witness's knowledge of and experience with the subject upon which he has expressed an opinion.

The appellants assign error to the court's failure to give their proposed instruction No. 9:

I instruct you that while you may not speculate as to future values and future uses, you shall take into consi-

deration any use to which the property may be put, and assuming this new highway were not going in, you may consider potential future uses where such potential future uses would reasonably affect the judgment of a willing buyer and a willing seller neither compelled to buy nor to sell.

Appellants assert that potential future uses affect the judgment of willing buyers and willing sellers. They assert that, "Without this instruction the jury was justified in disregarding the testimony as to gravel land."

The law with reference to the possible future use of the land was specifically set out in the court's instruction No. 6, *supra*. The issue of the amount of an award, if any, to be allowed for the value of the gravel was presented to the jury in the court's instruction No. 9, *supra*. Since both of these theories were presented to the jury, the court did not err in refusing to give appellants' proposed instruction No. 9.

Appellants next assign error to the court's refusal to give appellants' proposed instruction No. 7:

> A comparable sale is one of like property voluntarily made on the open market at or about the same time as the taking which in this case is deemed to be October 18, 1965. It is not the final proof of the fair market value of the subject property, but it is only a guide by which to judge the opinions of the experts. You should disregard all comparable sales that are not made sufficiently near in time and place to be such as would not affect the judgment of a well-informed seller or buyer. Sales which are made by one not informed or under any compulsion are not to be considered comparable.

Several of the experts testified as to comparable sales which they used as an element in determining the value of the land. Each of these witnesses was cross examined relative to the time and place of sale. Appellants' proposed instruction No. 7 states: "You should disregard all comparable sales that are not made sufficiently near in time and place to be such as would not affect the judgment of a well-informed seller or buyer." This is one of the tests upon which the court determines the admissibility of the evi-

dence. It is not the province of the jury to determine admissibility of evidence. Their function is to weigh the evidence after the court has permitted them to consider it.

Assuming arguendo that the instruction was proper, the court's instruction No. 14 expressed the law in broad and general terms as it related to opinion evidence. The court did not err in its refusal to give appellants' proposed instruction No. 7.

Appellants next assign error to the court's refusal to give appellants' proposed instructions Nos. 4, 5, 8, 10, 12, 13, 14, 15, 20, 24, 27, 28 and 30. Similar argument is made that these instructions should have been given because they contained language which specifically identified and emphasized elements of damage upon which appellants relied.

■ In passing upon the sufficiency of instructions, we are governed by the following general rules: (1) Instructions must be considered as a whole. *Cunningham v. Town of Tieton,* 60 Wn.2d 434, 374 P.2d 375 (1962). (2) Each party is entitled to instructions on his theory of the case which is sustained by substantial evidence. *Carraway v. Johnson,* 63 Wn.2d 212, 386 P.2d 420 (1963). (3) The court need not give amplified instructions, if the instructions given are broad enough to permit argument. *Dole v. Goebel,* 67 Wn.2d 337, 407 P.2d 807 (1965). (4) The court's instructions should contain general statements of the applicable law. *Vangemert v. McCalmon,* 68 Wn.2d 618, 414 P.2d 617 (1966). (5) Instructions are sufficient if each party can argue satisfactorily to the jury his theory of the case. *Hartman v. Port of Seattle,* 63 Wn.2d 879, 389 P.2d 669 (1964).

Applying these rules to the instructions given by the court and to appellants' proposed instructions, we hold that the court did not err in refusing to give the amplified instructions requested and that the instructions given were sufficient to permit the appellants to satisfactorily argue their theory of the case to the jury.

The judgment is affirmed.

HILL, HUNTER, and HAMILTON, JJ., and JAMES, J. Pro Tem., concur.