[No. 39851.    Department One.    August 22, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. MYRL A. ROWLEY *et al.*, *Defendants*, A. L. FULBRIGHT *et al.*, *Appellants.**

*Reported in 444 P.2d 695.

*Kenneth C. Hawkins,* for appellants.

*The Attorney General* and *Robert E. Lundgaard, Assistant,* for respondent.

McGovern, J.—For the purpose of constructing Interstate Highway 82, the state of Washington instituted condemnation proceedings to acquire certain real property, 11.74 acres in fee and 4.35 acres in perpetual easement, from a tract containing 164.97 acres. After the taking the remaining 148.88 acres will be landlocked.

The property involved extends from the Yakima River to the top of Yakima Ridge, an anticline running easterly from the river. The area is generally known as Selah Gap and the landlocked portion lies on the hill to the east of the gap, 2 miles north of the city of Yakima.

Opinions of the fair cash value of the taking and the damage ranged from a low of $2,600 to a high of $29,000. A verdict of $3,366.66 was returned.

From the judgment and decree of appropriation entered on that verdict, the property owners appeal. For the purposes of this opinion Mr. Fulbright will be considered as the sole appellant.

The first of many assignments of error relate to the testimony of appellant's land expert who, in speaking of a parcel of property claimed to be comparable, testified that the purchaser of that property told him that he had "constructed [on the comparable property] a well 350 feet deep

at $9,000. He says that he has sufficient volume from this well to serve at least fifty homesites."

On motion, that portion of the testimony was stricken. Appellant argues that the evidence was offered as a basis for the expert's opinion on value and for no other purpose. He states that an exception to the hearsay rule was therefore applicable and the testimony admissible.

The record reveals that the court granted the motion to strike for a reason other than hearsay. The basis for the ruling was that such testimony, if allowed to stand, would have created a clear implication that the properties were also comparable for well costs and water production purposes. We agree with the trial court. There being no testimony to support the implied fact, the jury could have been misled and the objecting party thereby prejudiced. This constituted a proper basis for the ruling and no error occurred. *Ward v. J. C. Penney Co.*, 67 Wn.2d 858, 410 P.2d 614 (1966); *Gerard v. Peasley*, 66 Wn.2d 449, 403 P.2d 45 (1965).

Appellant next assigns error to the court's exclusion of certain evidence of a claimed comparable sale, that of one Philip R. Moore to Derlin D. Lisk. In answer to the question "will you state why it's comparable . . .?" the witness explained that "[b]oth of the properties are unimproved. Both of the properties are composed of dry land, and I would say that topograph to a certain extent was similar." No other similarity was mentioned and the parcels were 8 to 9 miles apart. Since the admissibility of other sales for comparative value purposes is a discretionary matter resting almost exclusively with the trial court, we find no abuse of that discretion. *State v. Elder*, 70 Wn.2d 414, 423 P.2d 533 (1967); *In re Northlake Ave.*, 96 Wash. 344, 165 Pac. 113 (1917).

It is asserted that the court erred in granting a motion to strike the testimony of A. L. Fulbright, the owner. The record is clear that Mr. Fulbright used an improper method in determining the fair market value of certain portions of his property. He testified that those particular parcels con-

tained a certain amount of gravel or riprap and that such gravel and riprap was worth 10 cents per cubic yard in place. He then said that the value of those parcels represented the result of those two figures when multiplied. (Quantity times price per unit equals value.)

■ That testimony of value was clearly in violation of the principle enunciated by this court in *State v. Larson,* 54 Wn.2d 86, 88-9, 338 P.2d 135 (1959). We there said:

> In *State v. Mottman Mercantile Co.,* 51 Wn. (2d) 722, 321 P. (2d) 912 (1958), this court held that, in the absence of proof of a market demand and other variable factors which affect yardage values, "it is improper to arrive at a conclusion concerning the value of property which has a mineral content by multiplying the assumed number of cubic yards of material available times a given price per unit."
>
> Applying the cited rule of law to the proffered evidence in the instant case, we conclude that the court did not err in striking the testimony.
>
> Appellants assign error to the ruling of the court striking the testimony of the owner relating to fair market value. On cross-examination, he testified, *inter alia,* as follows:
>
> "Q. Mr. Larson, this conclusion of yours that the fair market value of 8.1 acres is $225,000.00, is it based upon a multiplication of the number of yards times the price? A. Yes."
>
> . . . .
>
> In the instant case, there was no evidence that, at the time of the condemnation action, a prospective purchaser would be willing to pay for the 8.1 acres of land a sum equal to the number of yards of gravel contained therein, multiplied by ten cents per yard. The just compensation to be paid to an owner of property, in a constitutional sense, is what an owner has lost at the time of condemnation, and not what the condemner has gained. *Port Townsend Southern R. Co. v. Barbare,* 46 Wash. 275, 89 Pac. 710 (1907); 4 Nichols, Eminent Domain (3d ed.), 42, § 12.21.

Like Larson, Mr. Fulbright also failed in supportive evidence that a prospective purchaser would be willing to pay

10 cents per cubic yard for all his gravel and riprap at the time of the condemnation action.

We also point out that the court did not strike all of Mr. Fulbright's testimony. In ruling on the motion to strike, the court advised the jury that:

> I am at this time striking his testimony as to *value of property* that he testified to by multiplying the number of yards by ten cents. That part is stricken and I ask you to disregard it entirely, and I also ask you to disregard his testimony *as to the before value* of his total premises because it is in part based upon that multiplication.
>
> You will be more fully instructed on that when I give you the instructions at the end of the case, but the appraisals and the just compensation is based upon fair market value which is not arrived at by multiplying the assumed number of yards by ten cents. I will tell you, however, that that may be considered in arriving at any fair market value but not basing a verdict upon that sole premise. (Italics ours.)

It is thus apparent that the stricken testimony related only to the numerical value of the property because that value was based on a faulty premise. Mr. Fulbright's testimony reciting his estimate of quantity of gravel and riprap within the property, as well as the then unit value of such mineral and other testimony was not taken from the jury. To the contrary, the jury was even instructed that the same could be considered but "only as they may guide you in fixing the fair market value of the lands taken or injury to the remaining lands."[1] *See Seattle & Montana R.R. v. Roeder,* 30 Wash. 244, 70 Pac. 498 (1902).

---

[1] Instruction No. 9½. "In this case, even though the land taken contains sand and gravel or rock, you are instructed that the measure of compensation is the fair market value of the land taken with sand and gravel or rock in it. The profits or price or royalties or value of such sand and gravel or rock, if the same or any part thereof will be taken by the proposed limited access highway, should not be considered by you as sand and gravel or rock in stockpile in arriving at your verdict. The number of yards of sand and gravel or rock that could be gotten from the land and the value thereof or the royalties thereon are to be considered only as they may guide you in fixing the fair market value of the lands taken or injury to the remaining lands."

It is next urged that the trial court commented on the evidence in violation of the constitutional prohibition set forth in Const. art. 4, § 16.[2]

During a lengthy and heated cross-examination of the state's expert, the following occurred:

> Q. And there is no access from Wiseacre Road across the canal to the comparable property? A. No, and I never said there was. MR. HAWKINS: [attorney for appellant] Well, we will leave it to the jury what you said about the extension of the Wiseacre Road. MR. LUNDGAARD: [attorney for respondent] I will object to counsel arguing with the witness. THE COURT: Objection sustained.

■ The comment referred to as being constitutionally prohibited consists of the two words "Objection sustained." The argument lacks merit. Counsel's statement to the witness did constitute argument. It invited the objection that was properly sustained. No more concise, accurate, or judicious ruling on the objection could have been expressed.

The next seven assignments of error relate to fair market value of property and its definition. Five of the assignments pertain to the court's failure to give appellant's proposed instructions numbered 4, 10, 12, 13 and 14, and are identical with instructions proposed by the same counsel in *State v. Elder, supra.* They were rejected by the trial court in both instances.

■ It was argued in *Elder* and here that appellant's proposed instructions specifically identified the elements of damage upon which he relied and that it was error for the trial court to refuse them. We affirmed the trial court's rejection in *State v. Elder, supra,* and for the same reasons do so here. We there said at 419:

> In passing upon the sufficiency of instructions, we are governed by the following general rules: (1) Instructions must be considered as a whole. *Cunningham v. Town of Tieton,* 60 Wn.2d 434, 374 P.2d 375 (1962). (2) Each party is entitled to instructions on his theory of the

---

[2]Const. art. 4, § 16 reads: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

case which is sustained by substantial evidence. *Carraway v. Johnson*, 63 Wn.2d 212, 386 P.2d 420 (1963). (3) The court need not give amplified instructions, if the instructions given are broad enough to permit argument. *Dole v. Goebel*, 67 Wn.2d 337, 407 P.2d 807 (1965). (4) The court's instructions should contain general statements of the applicable law. *Vangemert v. McCalmon*, 68 Wn.2d 618, 414 P.2d 617 (1966). (5) Instructions are sufficient if each party can argue satisfactorily to the jury his theory of the case. *Hartman v. Port of Seattle*, 63 Wn.2d 879, 389 P.2d 669 (1964).

■ Error is then assigned to the court in giving the following instruction:

"Fair market value" is the amount of money which a well informed buyer, willing but not obliged to buy the property, would pay, and which a well informed seller, willing but not obligated to sell it, would accept, taking into consideration all uses to which the property is adapted and might in reason be applied. (Instruction No. 5)

It should be noted that this instruction is identical with Washington Pattern Jury Instruction 150.08 except that the words "of money" have been substituted here for the words "in cash" in the first line of the pattern instruction. We approve the use of this instruction as containing the necessary statement of applicable law and as affording each party an opportunity to satisfactorily argue his theory of the case. *State v. Elder, supra; Donaldson v. Greenwood*, 40 Wn.2d 238, 242 P.2d 1038 (1952); *State v. Larson, supra.*

It is asserted that the court erred in failing to instruct on appellant's proposed definition of fair market value from the standpoint of highest and best use and that use which will yield the greatest return in dollars. The court could not properly have given that instruction, appellant's proposed No. 11. We rejected that theory in *King Cy. v. Crawford & Conover*, 92 Wash. 195, 158 Pac. 733 (1916). The responsibility of the jury was to determine the fair cash market value of the property, taking into consideration any and all uses to which the property was then adaptable. They were so instructed.

The remaining assignments of error have each been considered and we find them to be without merit.

The judgment is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.