[No. 2972-1.　Division One.　December 16, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES E. DAVIS, *Appellant.*

*Duce & Fisher* and *Darwin C. Fisher*, for appellant.

*Robert E. Schillberg, Prosecuting Attorney*, and *Judy Lee Young, Deputy*, for respondent.

FARRIS, J.—James E. Davis was found guilty of the crime of willfully discharging a firearm in a place where a person might be endangered. He appeals from judgment entered on the jury verdict. He assigns error to (1) the trial court's failure to grant his motion for an arrest of judgment or in the alternative a new trial, (2) the refusal of the trial court to permit the jury to view the scene of the alleged crime, and (3) the failure of the trial court to give certain requested jury instructions.

We affirm.

Following a report from five women who alleged that they inadvertently entered Davis' property and were threatened by Davis with a firearm, three officers from the Snohomish County sheriff's office entered the property. What immediately followed is disputed but the episode was concluded when Davis, holding a shotgun which had recently been fired, was disarmed and arrested. Two of the three officers testified at trial that Davis willfully fired the gun; Davis testified that he tripped on the doorstep and fell, causing the firearm to discharge accidentally. The third officer was not called and did not appear at trial.

The question of whether the gun was discharged accidentally or willfully was a question of fact to be submitted to the jury upon proper instructions. Here there was legally sufficient "proof" for the jury to find that Davis intended to fire the gun. The trial court therefore properly denied the motion for arrest of judgment and alternatively for a new trial unless there is some other ground which compels a contrary result. *See* CrR 7.4(a); *State v. Randecker*, 79

Wn.2d 512, 487 P.2d 1295 (1971) and cases and discussions therein.

Whether a jury should view the scene of the incident is a matter within the sound discretion of the trial court. *Cole v. McGhie*, 59 Wn.2d 436, 361 P.2d 938 (1962). The purpose of the view is to enable the jury to better understand the evidence produced in court. *Sauls v. Scheppler*, 57 Wn.2d 273, 356 P.2d 714, 85 A.L.R.2d 506 (1960). Nothing here suggests that the evidence was so confusing that the failure to grant the request was an abuse of the court's discretion. Discretion is abused only when it can be said that the discretion was exercised in a manifestly unreasonable manner or "on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

In deciding whether it was error to refuse to give Davis' proposed instruction No. 10 defining "accident," we need not decide whether the proposed instruction was a proper statement of the law. It is enough if the instructions given provide the complaining party an opportunity to argue its theory of the case. *State v. Walker*, 82 Wn.2d 851, 514 P.2d 919 (1973); *State v. Elder*, 70 Wn.2d 414, 423 P.2d 533 (1967).

The court's instructions, however, are not a part of the record on appeal. We are therefore unable to determine whether this requirement was met. One reason for CAROA 34(9) is to insure that the court on appeal has a record to review.

> In all cases whenever any error is predicated upon a ruling relative to an instruction given or proposed, it will be necessary to include in the statement of facts all of the instructions given by the court and those proposed instructions concerning which error is assigned.

CAROA 34(9). The failure of Davis to comply with this provision renders us incapable of ruling on the assignment of error. The same ruling applies to the failure to give proposed instruction No. 18:

> If you find that the state has failed to produce any

witness under its control, then you may draw the inference that such witness, if produced, would testify unfavorably to the state's case.

Such an inference arises

> where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation, he fails to do so,—the jury may draw an inference that it would be unfavorable to him.

*Wright v. Safeway Stores, Inc.*, 7 Wn.2d 341, 346, 109 P.2d 542, 135 A.L.R. 1367 (1941). The difficulty with the argument here is that the State called two of the three police officers who were eyewitnesses to the events. A "satisfactory explanation" for the failure to call the third is that his testimony would be merely cumulative.

> If the presumption arising from a failure to call a witness is to be applied, the testimony of such witness must not be trivial or cumulative. *Wright v. Safeway Stores, Inc.*, 7 Wn.2d 341, 109 P.2d 542, 135 A.L.R. 1367 (1941).

*State v. Ruud*, 6 Wn. App. 57, 61, 491 P.2d 1351 (1971). Application of the missing witness presumption turns upon the facts of each case. *State v. Davis*, 73 Wn.2d 271, 438 P.2d 185 (1968); *State v. Ruud, supra.*

Here there is no indication that the testimony of the missing witness would be other than cumulative. Further, the testimony concerned proof of an element of the crime, not the validity of an alleged waiver of a constitutional right as in *State v. Davis, supra.* There the uncalled witness' testimony was neither cumulative nor trivial nor did it relate to one of the elements of the crime.

> Had the potential testimony of the undersheriff related to some minor factual issue or even to one of the elements of the crime with which Belknap is charged, we could well accept the state's argument on this point. However, the disputed issue of fact to which the undersheriff's testimony would have related—the validity of Belknap's alleged waiver of his constitutional rights—is one of fundamental importance and hence any testimony relative

292

thereto is clearly not unnecessary, "trivial" or "comparatively unimportant."

*State v. Davis, supra* at 279. *Accord, State v. Erho,* 77 Wn.2d 553, 463 P.2d 779 (1970).

Our holding precludes the necessity of deciding the effect of the provisions in the new criminal rules upon the decision in *Wright v. Safeway Stores, Inc., supra. See* CrR 4.5(c)(ii), 4.6(a), 4.7(a)(1)(i), 4.8, and 6.13.

Affirmed.

SWANSON, C.J., and WILLIAMS, J., concur.