[No. 2404–2.   Division Two.   June 29, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD NELSON BRADLEY, *Appellant.*

*Kenneth S. Kessler* and *Alan Rasmussen,* for appellant (appointed counsel for appeal).

*Donald Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PEARSON, J.—In 1975 a jewelry store in Tacoma was robbed and the proprietor, Mr. Schaeffer, was shot and killed. Defendant, Edward Nelson Bradley, was convicted of first–degree murder for his alleged participation in the robbery. Five issues are raised on appeal: (1) Did the trial court err in admitting a computer printout containing information on phone calls received by police? (2) Did the trial court err in admitting a police report? (3) Did the trial court abuse its discretion in limiting cross–examination of a rebuttal witness? (4) Was the trial court's instruction on accomplice testimony improper? (5) Was the trial court's instruction on the status of a principal to the crime improper? For the reasons stated below, we affirm.

On December 1, 1975, around 5:30 p.m. a man entered Schaeffer's Jewelry Store, shot and killed Mr. Schaeffer, and bound Mrs. Schaeffer. Two other men entered the back of the store and removed jewelry; at trial, Mrs. Schaeffer identified defendant as one of those two men. Anthony Jackson testified that he and defendant were the two men who had entered the back of the store. Defendant presented witnesses to establish an alibi defense. Penelope Snipes, a defense witness, testified that she had seen and talked to defendant between 5:30 and 6 p.m. on the night of the crime, at a grocery store a considerable distance from the site of the robbery–murder. She recalled that many people had gathered around a police car in the grocery store

parking lot and that she heard someone in the store say there had been a purse snatching. Three of the issues on appeal are related to Snipes' testimony.

In rebuttal of Snipes' testimony, the prosecution presented evidence that the only police investigation of an alleged purse snatching at a grocery store occurred after 8 p.m. and not between 5:30 and 6 p.m. Detective Hairston identified a computer printout as a record that was kept of all phone calls requesting police assistance. Detective Hairston related that the only printout entry involving a purse snatching at the grocery store on the date of the crime was reported at 8:10 p.m. The trial court admitted the printout, which included information on the date and time the call was received, the time of dispatch and arrival of officers, and the nature and location of the incident. The printout indicates that officers were dispatched at 8:10 p.m. and arrived at 8:15 p.m.

■ Defendant assigns error to the admission of the computer printout on the ground that it contains double hearsay. First, it contains the statements of the person who received the call, dispatched the officers and recorded the time of their arrival; and second, the printout contains the declarations of the person who placed the phone call and described the nature and location of the incident. We find no error. The printout is a record of an event made in the regular course of business that satisfies the requirements for admission under The Uniform Business Records as Evidence Act, RCW 5.45.020. *See State v. Kreck,* 86 Wn.2d 112, 542 P.2d 782 (1975); *State v. Smith,* 16 Wn. App. 425, 558 P.2d 265 (1976). A document that qualifies as a business record cannot be denied admission on the ground that the person who entered the information in the record does not testify in court. *Jarstad v. Tacoma Outdoor Recreation, Inc.,* 10 Wn. App. 551, 519 P.2d 278 (1974). Thus the statements of the person who received the phone call come within an exception to the hearsay rule for business records.

Defendant further contends that admission of the computer printout as a business record denied defendant his constitutional right to confront witnesses. It is clear that this objection to evidence properly admitted as a business record under RCW 5.45.020 is without merit. *State v. Smith, supra.*

The second issue involves a portion of a police investigation report that was also admitted in rebuttal to Snipes' testimony. Officer Neely testified that he was dispatched at 8:16 p.m. on December 1, 1975, to investigate a reported purse snatching near the grocery store. He arrived at the scene 5 minutes later, where he conducted a 1/2 hour investigation. The first page of the report, which contained notations that the incident occurred at 8 p.m. near the grocery store, and was reported at 8:16 p.m., was admitted.

Defendant objects to the admission of the police report as a violation of the hearsay rule of evidence. He bases his objection on the ground that the statement in the report that the purse snatch occurred at 8 p.m., which was made by the victim and/or witnesses to Officer Neely, was offered to prove that the out–of–court statements were true. To the contrary, regardless of whether the victim's and/or witnesses' statements about the time of the purse snatch are true, the fact that they were made to the investigating officer is consistent with an investigation by police officers after 8 p.m. The report is circumstantial evidence supporting the officer's contention that the investigation occurred after 8:16 p.m. The time of the investigation and not the time of a purse snatch was in issue, and thus the report was properly admitted as rebuttal evidence.

Defendant also contends that the police report was improperly admitted because it was a prior consistent statement by Officer Neely. A prior consistent statement is admissible to rehabilitate a witness only when the witness has been impeached in a manner permitting an inference that the in–court testimony is a recent fabrication. *State v. Calhoun,* 13 Wn. App. 644, 536 P.2d 668 (1975); *State v. Epton,* 10 Wn. App. 373, 518 P.2d 229 (1974). Officer Neely

had not been impeached, and while the report supports his testimony, it was not offered for the purpose of rehabilitation of a witness. An exhibit that is inadmissible for one purpose may qualify for admission as another type of evidence. The prior consistent statement was proper rebuttal evidence and the "recent fabrication" limitation on rehabilitative evidence does not apply. *See generally* E. Cleary, *McCormick's Law of Evidence* § 49, at 105 n.86 (2d ed. 1972).

The third issue involving Snipes' alibi testimony deals with cross–examination of Officer Neely. The trial court sustained an objection to defendant's inquiry whether it was conceivable that someone could have had her purse snatched earlier and not reported it to the police. The scope of cross–examination is within the province of the trial court, whose judgment will not be disturbed on appeal in the absence of a manifest abuse of discretion. *State v. Carr,* 13 Wn. App. 704, 537 P.2d 844 (1975). To exclude the question that was irrelevant to the issue of when the police investigation took place was not an abuse of discretion. Also, the question called for evidence that was extremely speculative.

The two remaining issues relate to instructions given by the trial court. A cautionary instruction on accomplice testimony, instruction No. 10, was given instead of defendant's proposed instruction on accomplice testimony. Defendant argues that the general definition of accomplice contained in the trial court's instruction was confusing as to whose testimony was to be carefully scrutinized, while his proposed instruction, which specifically named the accomplices, was not. We do not find instruction No. 10 confusing. Also, it is preferable to phrase such instructions as being applicable to a class of witnesses as opposed to particular witnesses. *State v. Carothers,* 84 Wn.2d 256, 525 P.2d 731 (1974).

The final issue involves a challenge to the' trial court's instruction No. 5, which defined a principal to a crime. Defendant testified that he had purchased jewelry

from Anthony Jackson and that he had suspected the jewelry had been stolen. Defendant contends that the trial court's instructions allowed the jury to determine that defendant was a principal in the robbery solely on the basis of his receipt of stolen goods, and the jury could then convict under the felony murder rule in the absence of the necessary causal connection between the collateral crime and the death. Defendant challenges the trial court's refusal to give his proposed instruction that his admission to having purchased the jewelry should not be considered. We find no error. Instruction No. 5 defined principal in terms of the statute in effect at that time. (RCW 9.01.030, repealed by RCW 9A.98.010(3).) Instruction No. 8 set forth that an element necessary to a conviction of felony murder was that the killing must have been done in the commission of or in an attempt to commit a robbery, or in withdrawing from the scene of a robbery. The instructions taken as a whole satisfy the requirement for felony murder that a causal connection between the killing and the felony exists. *State v. Lee,* 13 Wn. App. 900, 538 P.2d 538 (1975). Additionally, defendant could adequately argue his theory of the case under the trial court's instructions and therefore it was not error to refuse defendant's proposed instruction. *State v. Davis,* 12 Wn. App. 288, 529 P.2d 1157 (1974).

We affirm.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied August 1, 1977.

Review denied by Supreme Court January 20, 1978.