STATE ex rel. SHARP, Appellant, v. CROSS, Respondent.
No. 8911.
Submitted September 30, 1949. Decided November 23, 1949.
211 Pac. (2d) 760.

262

Messrs. Shallenberger and Paddock, Missoula, for appellant. Mr. William F. Shallenberger argued the cause orally.

Mr. Eugene H. Mahoney, Thompson Falls, and Arnold H. Olsen, Attorney General, for respondent. Mr. Mahoney argued the cause orally.

HON. W. W. LESSLEY, District Judge, sitting in place of Mr. Justice Bottomly, disqualified:

This is an appeal from an order of the district court denying relator's application for a writ of mandate.

The relator Glenn Sharp representing himself to be the owner of three logging trailers, each with a capacity of over five tons and operating over public highways solely within a forest area in Sanders county and used exclusively for the purpose of transporting logs, on February 14, 1949, tendered to respondent Harry E. Cross, as treasurer of Sanders county, the sum due on the trailers for taxes and assessments as determined after proper assessment made plus the additional sum of $15 each for license fees.

The respondent treasurer refused the money so tendered and declined to issue the licenses, demanding the sum of $200 each as license fees on the trailers, whereupon relator applied to the district court for a writ of mandate to compel the respondent treasurer to accept a total of $45 as license fees for the trailers, being $15 for each trailer, and to issue licenses therefor. This is an appeal by relator from the district court's order denying the writ.

Section 1760, R. C. M. 1935, as amended by Chapter 201, Laws of 1945, inter alia, provides: "Registration or license fees shall be paid upon registration or re-registration of motor vehicles, trailers, semi-trailers * * * in accordance with this act, as follows: * * * Trailers and semi-trailers * * * over five (5) ton capacity, two hundred dollars ($200.00) * * * provided that trailers used exclusively in the transportation of logs in the forest * * * shall pay a fee of fifteen dollars ($15.00) annually, regardless of size or capacity."

Should relator's trailers and operation come within the favored group mentioned above the fee on each trailer would be but "fifteen dollars ($15.00) annually, regardless of size or capacity." The respondent treasurer should have accepted the sums tendered and issued the licenses.

Should relator's trailers and operations not come within the special $15 license fee group, then issuance or possession of $15 licenses would not protect relator in his operations and he would be required to pay fees provided in the Motor Vehicle Code for his particular vehicles and operations and he would be subject to the penalties prescribed for a violation of the applicable provisions.

Mandamus will not lie to compel the issuance of a license unless relator shows a clear legal right thereto and there must be a clear legal duty to issue the license enjoined on respondent by law. 55 C. J. S., Mandamus, sec. 156, pages 291, 292. However, under the terms of the statute, Chapter 201, Laws of 1945, the duty of the respondent treasurer to issue the licenses requested must be held to be ministerial rather than discretionary and mandamus will lie to compel the issuance of the licenses on a showing by relator of a compliance with all of the statutory terms and conditions. Compare State ex rel. Sullivan v. Hickman, 149 Kan. 865, 89 Pac. (2d) 903. Accordingly the order from which the appeal was taken is reversed and the cause remanded with directions to issue the writ.

In light of the peculiar equities of this case and the stipulation

entered into by the parties in the trial court, it is ordered that each party shall pay his own costs and attorneys' fees.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN, FREEBOURN and METCALF, concur.