## LAUDER *v.* STATE

[No. 113, September Term, 1963.]

*Decided December 10, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Faust C. Villareale* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Jacques E. Leeds, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Howard S. Chasanow, Assistant State's Attorney,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted in a trial before a court and jury of the larceny of a tape recorder valued at $199.95. His

first two contentions are that the trial court erred in admitting a price tag as evidence of value and in permitting an unqualified witness to testify as to value. Miss Cook, the Chief Security Officer for May Department Stores, Inc., testified that she saw the appellant take a recorder from a display counter and conceal it under his coat. He was arrested on his way out of the store. Miss Cook also testified that a price tag, which she identified, had been attached to the recorder at the time it was removed· from the counter and was still attached at the time of the arrest. Other articles on the counter, and throughout the store, had similar tags attached. The tag was put in evidence over objection on the ground that there was no evidence as to who had priced the article and "that would be hearsay."

The State had the burden of showing that the article taken had a value of $100.00 or more, under the count for grand larceny based on Code (1957), Art. 27, sec. 340. *Cofflin v. State*, 230 Md. 139, 144. The test is market value, and particularly retail value. *People v. Irrizari*, 182 N. Y. S. 2d 361 (N. Y.) ; *Jewell v. State*, 216 Md. 110, 112. A price tag is a written representation of the price at which the owner offers to sell the article in question. We think it falls squarely within the scope of Code (1957), Art. 35, sec. 59, as a·document prepared or entry made in the regular course of business. We have held that section to apply to a wide variety of documents. See *Eastover Co. v. All Metal Fabr.*, 221 Md. 428, 435 (Bills) ; *Tellez v. Canton Railroad Co.*, 212 Md. 423, 433 (bills of lading) ; *Morrow v. State*, 190 Md. 559, 561 (sales slip). See also *Mt. Vernon Co. v. Teschner*, 108 Md. 158, and *Munshower v. State*, 55 Md. 11, 24. The rule applies in criminal as well as civil cases. *Jones v. State*, 205 Md. 528, 533. A case closely in point is *Caten v. Salt City Movers & Storage Co.*, 149 F. 2d 428, 433 (C.A. 2d). See also the article in 45 Mich. L. Rev. 748. We find no error in the admission of the tag in the case at bar.

After the tag had been put in evidence, Miss Cook was asked if she knew the retail value of the recorder in question. She replied: "one hundred ninety-nine ninety-five." There was no objection· to the question, no motion to strike the answer,

and no cross-examination. Under the circumstances it is now too late to raise a question as to her qualifications. She may well have had sufficient experience to qualify as an expert. See 2 Wharton, *Criminal Evidence* (12th ed. 1955) sec. 550. If based on the price tag already in evidence, the answer was not prejudicial. Finally, the point was not properly preserved under Rule 885.

The third contention of the appellant is that he was denied procedural due process by reason of the alleged fact that he did not have counsel at a preliminary hearing. The record shows, in the testimony of Miss Cook, that a preliminary hearing was held before a magistrate following the appellant's arrest. But it does not appear whether the appellant had counsel or not. We may assume that some sort of hearing was had in order to hold him for action for the grand jury. Obviously he was charged with shop lifting by Miss Cook, and, if he testified, which is not shown, presumably he told the same story he told on the stand, that he was taking the recorder to find a salesman to discuss a purchase and not with intent of stealing it. It is not alleged or shown that he was asked or required to plead before the magistrate, or that he at any time admitted his guilt, or that any evidence of an admission or confession was introduced at the trial on the indictment. Under these circumstances we think it is clear that even if he did not have counsel the preliminary hearing was not such a critical stage of the proceedings as to require the presence of counsel. See *Arrington v. Warden,* 232 Md. 672, distinguishing *Hamilton v. Alabama,* 368 U. S. 52, and *White v. Maryland,* 373 U. S. 59.

*Judgment affirmed.*