94 N.J. Super. 337 (1967)
228 A.2d 347
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY MILANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1967.
Decided March 30, 1967.
*338 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Leonard Adler argued the cause for appellant (Messrs. Adler and Winick, attorneys, Mr. Irving I. Winick, on brief).
*339 Mr. Elmer J. Skiba, Assistant County Prosecutor, argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals from a judgment of conviction for larceny (N.J.S. 2A:119-2) entered upon a jury verdict.
The gravamen of the charge was that during regular shopping hours defendant took two shirts priced at $14.95 each from Gimbel's department store in Paramus, without paying therefor.
Defendant's primary ground of appeal is that the above cited general larceny statute has been impliedly repealed by the later enactment of N.J.S. 2A:170-97 which defined "shoplifting" (basically the offense here charged) and made it a disorderly persons offense not triable in the County Court. Thus defendant argues that the trial court erred in denying his alternative motions, made after verdict, to arrest judgment or for a new trial.
"The mere fact that two statutes overlap in prohibiting the same act does not mean that the later law automatically repeals the earlier one pro tanto, * * *. Repeals by implication are not favored and it is a cardinal rule of statutory construction that both laws should be given effect if reasonably possible. It is not sufficient merely to show that a subsequent act covers some of the cases encompassed by the earlier one. The legislative intention to repeal must be manifest; the language must admit of no other reasonable interpretation." State v. States, 44 N.J. 285, 291 (1965)
The statement annexed to Assembly Bill No. 364 of the year 1962 (which upon enactment became N.J.S. 2A:170-97) discloses that the purpose of the bill was to make it easier for merchants to apprehend and prosecute "shoplifters" and to protect these merchants from liability for false arrest and other kindred charges. We find no evidence of a legislative intent to make this sanction for the prohibited conduct exclusive or to repeal the larceny statute.
*340 Further, where criminal statutes overlap in prohibiting the same basic act, the proper prosecuting authority may ordinarily in the sound exercise of the discretion committed to him proceed under either act. States, supra, at p. 292. We consequently deem this point to be without merit.
Defendant's further argument that the State failed to prove the value of the goods taken is not factually true. Each of the two shirts allegedly taken by defendant, which were placed in evidence, bore a price tag of $14.95.
We turn to defendants next contention that plain error was committed by the admission of prejudicial testimany. After defendant was apprehended in the parking lot outside of Gimbel's premises, the police found a new "car-coat" from Alexander's in the trunk of his auto. The coat was identified, but was not introduced in evidence. On cross-examination defendant testified he purchased it the previous Saturday. The State then asked defendant if he would look at the price tag on it and "tell the jury how many sections there are on that stub," to which defendant replied, "There is [sic] three sections." Defendant was then asked whether he had a receipt for the purchase of the coat and he replied in the negative.
In evaluating the possible prejudice resulting from the admission of this evidence, consideration must be given to the prior testimony of Gimbel's store detective Raymond Dulse that if more than one section of the price tag is found on an item, it is an indication that the individual possessing it has not paid for the merchandise. When so considered, it is apparent that the above noted portion of defendant's' cross-examination clearly tended to indicate that he had stolen the "car-coat" from Alexander's three days earlier. Thus the jury had before it the fact that defendant previously had committed another similar but unconnected crime. The testimony as to the "car-coat" price tags was neither relevant nor competent but plainly prejudicial. State v. Kociolek, 23 N.J. 400, 417-420 (1957); State v. Arbus, 54 N.J. Super. 76 (App. Div. 1959). The *341 State does not contend nor did it establish that this testimony fell within any of the exceptions enumerated in Kociolek, at pp. 418-419 to the rule excluding proof of other crimes. We find its admission to be plain error affecting defendant's substantial rights. For that reason the judgment of conviction is reversed and this matter is remanded for a new trial.
So ordered.