## HOWARD DAVIS BROWN, JR. *v.* STATE OF MARYLAND

[No. 277, Initial Term, 1967.]

*Decided August 22, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*John J. Mitchell* for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Benjamin Wolman, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Howard Davis Brown, Jr., was convicted on October 3, 1966, in a non-jury trial in the Circuit Court for Prince George's County of obtaining money by false pretenses, and sentenced to two years in the Maryland House of Correction. From that conviction he appeals to this court, contending that the trial judge erred in admitting into evidence a money order with an attachment stating there was a "stop payment order" on it.

At the trial, Leo Fischer, president of a supermarket in Prince George's County, testified that he had approved for payment a money order sold by Suitland Beverages, payable to James Biggs, which had been presented to him by appellant and which was subsequently exchanged for valuables. The money order,

which had been stolen, was deposited with the corporation's bank and later returned by the drawee bank with an attachment showing the "stop payment." Fischer identified both the money order and the attachment, and the court received the exhibit in evidence over appellant's objection.

Under these circumstances, it is clear that Article 35, Section 59 of the Annotated Code of Maryland dealing with proof by written record is controlling. This Section provides that written records of business events, if made in the regular course of business, shall be admissible in evidence in proof of the event. In *Bethlehem—Sparrows Point Shipyard v. Scherpenisse*, 187 Md. 375, 381, the Court of Appeals declared the purpose of the Act to be "to put an end to narrowness in the use of the familiar rule of evidence that the person whose statement is received as testimony should speak from personal observation or knowledge, and to bring the rule of evidence nearer to the standards in responsible action outside of the courts." The Act clearly applies to bank records made in the regular course of business, *In The Matter Of Lombard*, 242 Md. 202, and it is clear that the stop payment attachment to the returned money order is such a bank record. The rule is clearly applicable to criminal cases. *Lauder v. State*, 233 Md. 142. We hold that the trial judge committed no error in admitting the money order and attachment into evidence.

*Judgment affirmed.*