[No. 4888–1.   Division One.   March 21, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. DENISE COLEMAN, *Appellant.*

*George H. Luhrs,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Jose Gaitan, Deputy,* for respondent.

SWANSON, J.—Denise Coleman appeals a conviction of grand larceny, contending the State failed to introduce evidence sufficient to establish the minimum value of stolen property necessary for such a judgment and sentencing. We agree and remand for resentencing based upon a petit larceny conviction.

The statute then applicable and by which appellant was charged (RCW 9.54.090(6), since repealed by Laws of 1975, ch. 260, effective July 1, 1976) asserted that one who stole

> [p]roperty of the value of more than seventy–five dollars . . . shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years.

A theft of property of a lesser value, however, would constitute a case of petit larceny, a gross misdemeanor for which the maximum punishment could be no more than 1 year imprisonment and a fine of $1,000. RCW 9.92.020.

■ Thus, the question of the value of the goods involved in this prosecution for larceny is of critical import. *State v. Clark,* 13 Wn. App. 782, 783, 537 P.2d 820 (1975). The proper standard for assessing value is "market value." RCW 9.54.100. As this court recently stated, "'[m]arket value' is defined . . . as the price which a well–informed buyer would pay to a well–informed seller, where neither is obliged to enter into the transaction." *State v. Clark, supra* at 787. *See also State v. Rowley,* 74 Wn.2d 328, 444 P.2d 695 (1968); *State v. Sherrill,* 13 Wn. App. 250, 534 P.2d 598 (1975). It should also be noted that testimony as to value is opinion evidence requiring a demonstration of the witness' knowledge of the subject prior to admission. 5 R. Meisenholder, Wash. Prac. §§ 342, 353 (1965). The major exception to this rule permits a nonexpert owner of a chattel to testify as to its market value. *Wicklund v. Allraum,* 122 Wash. 546, 211 P.2d 760 (1922); *State v. Hammond,* 6 Wn. App. 459, 493 P.2d 1249 (1972). That exception is not applicable here.

The material facts are as follows. On September 1, 1975, appellant was observed surreptitiously gathering merchandise at a Seattle Nordstrom store by two security personnel. As she attempted to exit the store without paying for the goods, two security personnel apprehended appellant. In her possession were a purse, a blouse and two pairs of pants, all bearing a tag identifying the article as belonging to Nordstrom and indicating their retail prices. Appellant could not produce sales receipts for any of the items.

At trial, the State called four witnesses—the two security personnel and two members of the Seattle Police Department involved in the arrest of appellant. Their testimony was sufficient to establish the taking of the property, the intent to deprive the owner of possession, and the jurisdiction of the court, none of which is disputed on appeal. At issue is the State's attempt to prove the value of the stolen goods exceeded $75. We now summarize that effort.

The first witness for the prosecution, Debra duBois, one of the security personnel, identified State's exhibits 1

through 4, including the still–attached price tags, as the merchandise taken by appellant. Upon being offered into evidence, appellant objected to admission of the tags, arguing that the writing thereon was hearsay and outside the first–hand knowledge of the witness. The court reserved ruling on the offered items.

The prosecution's second witness, Carol Minakami, the other Nordstrom employee involved, also positively identified State's exhibits 1 through 4. Ms. Minakami did not offer testimony regarding the value of the goods, as shown by the following excerpts from the record:

Q Do you have any particular knowledge of the value of the items that I have just shown you, State's exhibits 1 through 4?

A None other than what is on the price ticket, no.

The State's third witness, Officer Lee Jacobson, was a backup officer in the arrest of the appellant. The jury could glean nothing of the value of the goods from his testimony.

Q Do you have any knowledge as to the value of these items?

A I do.

[Defense attorney] Objection. I certainly would ask for foundation to determine from where his knowledge comes.

THE COURT: You may inquire on voir dire if you desire.

[Defense attorney] I would.

THE COURT: You may voir dire.

[Defense attorney] Officer, is your information from, of the value of these items, come from the price tags that are on them?

A They do.

[Defense attorney] That's all I have. I would object to him making any statements.

THE COURT: Ask your next question.

The State's final witness, the other police officer involved, was not questioned as to the value of the goods.

The prosecutor then again offered State's exhibits 1 through 4; appellant again objected to admission of the attached price tags. After extended argument in the absence of the jury, the court admitted the exhibits as

offered, but declined to rule whether the price tags were hearsay and, if so, under which exception to the hearsay rule they were admitted. During the argument the court ruled, correctly we believe, that neither security officer was qualified to testify as to value.

Thus, the only evidence from which the jury could ascertain the value of the stolen goods was the goods themselves and the retail price tags attached thereto. None of the State's witnesses were qualified to, nor did they, testify as to the market value of the items. Counsel address numerous issues in their briefs, including exceptions to the hearsay rule, the sufficiency of retail prices alone as an indicium of market value, and potential prejudice to appellant. We find, however, the dispositive issue to be, simply—was an adequate foundation laid for admission of the price tags as evidence of values?

■ We believe the record demonstrates a lack of any foundation testimony by which the price tags could be admitted *on the issue of value.* The price tags were technically admissible because they were part of the property at issue. It is well established, however, that evidence admissible for one purpose may not be admissible for another. E. Cleary, *McCormick's Handbook of the Law of Evidence* § 59 (2d ed. 1972). To admit the price tags to prove that goods were stolen would serve little purpose, the goods themselves being available. Rather, their presence before the jury can only be expected to influence conclusions as to value—a ·critical aspect of the State's burden of proof— adversely to appellant.

The prejudicial nature of the price tags' admission becomes particularly apparent when one contemplates the appellant's right at trial of confrontation by cross–examination. That right is basic to criminal prosecutions and should be "zealously guarded" by the court. *State v. Swenson,* 62 Wn.2d 259, 278, 382 P.2d 614 (1963); Const. art. 1, § 22 (amendment 10). *See also Brookhart v. Janis,* 384 U.S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245 (1966); *Douglas v. Alabama,* 380 U.S. 415, 13 L. Ed. 2d 934, 85 S. Ct. 1074

(1965); *Pointer v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965). In this case the State offered no witnesses qualified to speak to value; thus, the appellant could not cross–examine regarding the accuracy of the price tags as indicia of market value. The potential benefit of cross–examination is obvious. The merchandise might have been 1 day from a bargain basement, a sale, or disposal in favor of newer styles or different seasonal wear. *See People v. Fognini*, 374 Ill. 161, 28 N.E.2d 95 (1940) (testimony regarding value of two stolen suits held insufficient to prove market value where suits had been on the shelf 3 1/2 years and were out of style).

■ Absent the price tags, could the jury have assessed market value on the basis of the appearance of the admitted merchandise alone? This court answered that question in the negative in dicta in *State v. Claybourne*, 14 Wn. App. 314, 541 P.2d 1230 (1975). There, appellant argued the trial court erred in refusing to give proffered instructions defining petit larceny in a grand larceny case where all evidence demonstrated value to be in excess of $75. Appellant felt the jury could examine the stolen merchandise and make a conclusion of value independent of the amount offered in testimony. The court responded,

> The coat was offered and received, not as evidence of its value, but for the article itself, *i.e.*, to prove that a coat had been stolen. The coat thereafter served as the foundation for opinion evidence as to its value. Had the State produced no such independent evidence the defendant would be here challenging the sufficiency of the evidence to prove the charge—*and he would be sustained.* This is the case of the proverbial "two–way street." See 52A C.J.S. *Larceny* § 133 b(1) (1968) and *United States v. Wilson*, 284 F.2d 407 (4th Cir. 1960), in which the government produced no evidence of the value of 72 rifles (claimed to be worth $7,500), and the court said at page 408:
>
>> Nor, in the absence of any proof of value, could the jury be permitted to speculate on this point merely from the appearance of the articles.

(Italics ours.) *State v. Claybourne, supra* at 315.

In the absence of any evidence that the stolen property had a value in excess of $75, the judgment and sentence based upon a conviction of grand larceny is reversed and remanded for sentencing on a conviction of RCW 9.54.010 and .090, petit larceny.

WILLIAMS, J., concurs.

ANDERSEN, J. (dissenting)—Price tags were admitted into evidence. This was correct since they were stolen along with the merchandise to which they were affixed. The price tags were as relevant and properly admissible into evidence as was the stolen merchandise itself.

In this day and age, items bought at retail are customarily purchased at the price shown on the price tags attached to the merchandise. Although the price listed on the tags was not necessarily conclusive evidence of the market value of the merchandise in this case,[1] it was at least substantial evidence on which a jury could reasonably rely in determining that the market value of the goods stolen was in fact that which was shown on the price tag. As we said in discussing what constitutes substantial evidence of the value of stolen property in *State v. Melrose,* 2 Wn. App. 824, 831, 470 P.2d 552 (1970):

> It is not essential that there be direct evidence of value—
> a fact in issue—because reasonable inferences from substantial evidence may suffice. . . . Reasonable inferences from substantial evidence in a criminal case may be relied on to prove the crime. . . .
>
> When substantial evidence is present, the drawing of reasonable inferences therefrom and the doing of some conjecturing on the basis of such evidence is permissible and acceptable.

---

[1] Here the jury was instructed:

"You are instructed that price and value are not necessarily the same thing. Price may be evidence of value, but you may give it only such weight as the circumstances require." Instruction No. 8.

The jury was also instructed regarding the value of the stolen merchandise that it could take into consideration "any competent testimony as to its market value at the time of the offense." Instruction No. 9 (part).

(Citations omitted.) The defendant had every right to contend that in fact the price shown on the price tag was not the market value of the merchandise, but if evidence existed which refuted such a showing, it was incumbent on the defendant to present it so that the jury would have the assistance of such evidence in reaching its verdict.

In order to reach the decision that it did, the jury had to have concluded that the market value of the stolen merchandise exceeded $75. The theft therefore constituted grand larceny. Other courts have held that a jury could so conclude on the basis of price tags in evidence. *Lauder v. State,* 233 Md. 142, 195 A.2d 610, 610–11 (1963); *State v. Milano,* 94 N.J. Super. 337, 228 A.2d 347, 347–48 (1967). I would also so conclude in this case and would affirm the conviction and sentence.

Petition for rehearing denied June 6, 1978.