STATE of Tennessee, Appellee,

v.

Pharoah Sharjah HARRIS, Jr.,
Appellant.

Court of Criminal Appeals of Tennessee,
Jackson.

Oct. 9, 1980.

A.C. Wharton, Jr., Public Defender, Walker Gwinn, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., James C. Beasley, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

DUNCAN, Judge.

The defendant, Pharoah Sharjah Harris, Jr., was convicted in the Shelby County Criminal Court of shoplifting goods over the value of one hundred dollars ($100.00) and received a penitentiary sentence of not less than three nor more than five years. In this appeal, the defendant contends that the evidence is insufficient to support the jury's verdict, and that he should not be punished as in the case of grand larceny since the total value of the goods taken was less than two hundred dollars ($200.00). We find no merit to defendant's contentions.

The evidence adduced at trial and accredited by the jury's verdict showed that while shopping at a Sears store in Memphis, the defendant placed a radio, which was on display, in a bag and then left the store without paying for it. When the defendant was apprehended, his bag was searched and store personnel found not only the radio, but also four dresses and two pair of ladies pants with Sears tags attached thereto. The price tags attached to the items showed that the dresses retailed for $14.99 each, the pants for $8.99 each, and the radio for $59.95. The sales clerk who saw the defendant take the radio testified that the radio was on sale for $39.95.

The defendant, in contending that the evidence is insufficient to support his conviction, says that the price of the clothing may not be established by the price listed on the tags attached to them because of the possibility that they might have been on sale. Hence, the defendant reasons, since the price of the clothing was not established there is no proof showing that the

**516**

value of the goods taken was in excess of one hundred dollars ($100.00). We reject this reasoning.

■ In a shoplifting case, evidence that merchandise is offered for sale at a marked price is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price of its value. *Norris v. State,* 475 S.W.2d 553, 555 (Tenn.Cr.App.1971). The jury was fully warranted in concluding that the value of the goods taken by the defendant exceeded one hundred dollars ($100.00) in value. The defendant's contention that the evidence is not sufficient to sustain his conviction is overruled.

In his second issue, the defendant takes the position that he should not be punished as in the case of grand larceny since the total value of the goods is less than two hundred dollars ($200.00).

The penalty prescribed for a person convicted of shoplifting goods over the value of one hundred dollars ($100.00) is that he "shall be punished as in the case of grand larceny." T.C.A. § 39–4235.

By Chapter 219, Public Acts of 1979, the legislature amended T.C.A. § 39–4203 by increasing the line of demarcation between grand and petit larceny from one hundred dollars ($100.00) to two hundred dollars ($200.00). T.C.A. § 39–4203 (Supp.1980). The question presented by the defendant is whether this amendment to the larceny statute also amended the shoplifting statute by implication.

We are of the opinion that this issue can be resolved by applying the plain language of both the amending Act and the shoplifting statute.

The amending Act applies expressly to T.C.A. §§ 39–4203, 4205, 4217, and 4218. The shoplifting statute, T.C.A. § 39–4235, is part of the same chapter of the Code as these sections, but was not listed as a section to be amended by Chapter 219 of Public Acts of 1979. We note that the amending Act specifically amends T.C.A. §§ 39–4217, –4218 (receiving stolen property and concealing stolen property) by substituting

"two hundred dollars" for "one hundred dollars," concerning the value of the goods stolen. Thus, it logically follows that had the legislature intended to make a similar amendment to the shoplifting statute, T.C.A. § 39–4235, then it would have done so expressly.

■ Therefore, we conclude that the legislature was aware, at least, of all sections in Chapter 42 of the Tennessee Code Annotated and, for whatever reasons, elected not to amend T.C.A. § 39–4235. Where the intent of the legislature can be ascertained, the court's duty is to enforce the legislation, so long as it passes constitutional muster. Hence, we conclude that the legislature did not intend that T.C.A. § 39–4235 be amended by Chapter 219 of the Public Acts of 1979.

Further, amendments of statutes by implication are not favored, but in a proper case may be recognized as a matter of necessity. *State v. Hudson,* 562 S.W.2d 416 (Tenn.1978). We find nothing in the present case that would constitute the level of necessity required to warrant a finding that T.C.A. § 39–4235 was amended by implication.

■ Finally, we point out that T.C.A. § 39–4235 refers to grand larceny only in the context of what *punishment* is to be meted out to a person who shoplifts goods valued in excess of one hundred dollars ($100.00); the 1979 amendment to the grand larceny statute altered only the *definition* of grand larceny, leaving the *punishment* for grand larceny as set forth in T.C.A. § 39–4204 intact. Hence, under the express language of T.C.A. § 39–4235, one who shoplifts goods valued over one hundred dollars ($100.00) shall be *punished* as in the case of grand larceny, irrespective of the change in the *definition* of grand larceny.

If there be any merit to the proposition that in shoplifting cases, grand larceny punishment should only be meted out where the shoplifted goods are over the value of two hundred dollars ($200.00), then it is the Legislature's duty to make such a change in the

law by an appropriate amendment to T.C.A. § 39–4235. Certainly, it is not within our province to do such by judicial decree.

We find no merit to the issues presented in this appeal. The judgment of the trial court is affirmed.

WALKER, P.J., and BYERS, J., concur.