The defendant was convicted after a jury trial of larceny in the third degree in violation of General Statutes 53a-124. She has appealed from the judgment rendered on the verdict. The defendant claims that the trial court erred in its ruling on the admissibility of evidence concerning value, in its charge to the jury on a lesser included offense and in its failure to conduct a suppression hearing in the absence of the jury.
The jury could readily have found the following factual situation: On June 25, 1979, the defendant and her daughter, Tammy, age 15 years, were in the Sage-Allen store in East Hartford. Security officer Donna Maulucci observed the defendant and her daughter remove five items of clothing from a store display rack and enter a fitting room. Maulucci observed the defendant roll up four items of clothing and place them in her daughter's purse. The daughter left the *Page 798 
fitting room carrying her purse while the defendant returned one item of clothing to the rack. The security officer checked the fitting room thereafter but found only four empty hangers. She followed the defendant out of the store across the street to a parking lot, where she saw the daughter seated in a car. Maulucci then seized the four items of clothing from the rear seat of the motor vehicle. These were the same articles which had been placed inside the daughter's pocketbook in the fitting room. The price tags which were affixed to these garments revealed amounts of $24, $12.99, $18.50 and $11.99, for a total of $67.48. Both the defendant and her daughter returned to the store where the defendant was arrested by an East Hartford police officer.
The following issues were raised by the defendant:
1. Did the court err in allowing price tags attached to items of clothing to be admitted as evidence of the element of value?
2. Did the court err in allowing a witness to testify as to the element of value when her testimony was based solely on her reading of the price tags?
3. Was the evidence sufficient to establish a value greater than $50, when the only evidence in support thereof was the price tags?
4. Did the court err in instructing the jury on larceny in the fourth degree as a lesser included offense?
5. Did the trial court err in failing to conduct the motion to suppress evidence hearing outside the presence of the jury?
The first three issues concern the admissibility of the price tags on the four items of clothing as establishing the market value of the goods. The defendant contends that the trial court erred in allowing the tags to be admitted into evidence along with *Page 799 
the items of clothing. Specifically, the defendant claims that the tags were hearsay and that their admission denied her constitutional right to confront the witness against her in violation of the sixth and fourteenth amendments to the United States constitution and article I, 8 of the Connecticut constitution.
In State v. Gyuro, 156 Conn. 391, 398,242 A.2d 734, cert. denied, 393 U.S. 937, 89 S.Ct. 301,21 L.Ed.2d 274 (1968), the market value of five stolen mink coats, which were not produced in court, was established in part by the custodian of the store's business records testifying as to the retail price that appeared on each price tag. The specific objection of hearsay was not raised in Gyuro, however, nor in State v. Crespo, Appellate Session of the Superior Court, Docket No. 735 (1979), where stolen items in a plastic bag along with their price tags were admitted into evidence.[1] The state relies on that part of Gyuro where the court indicated that the value of the coats was "their market value, that is, the price at which they would probably have been sold in the regular course of business at the time when and the place where the attempted theft occurred, and any evidence bearing on that question could properly be considered." (Emphasis added.) State v. Gyuro, supra, 398.
The defendant's chief reliance is on the case State v. Coleman, 19 Wash. App. 549, 576 P.2d 925
(1978). In Coleman, the defendant was apprehended as she attempted to leave a store with articles of clothing for which she had not paid. The articles all bore tags identifying them as belonging to the store and indicating their retail price. At trial, the state's only witnesses as to the value of the goods were store *Page 800 
security personnel and a city policeman. As in the present case, none of these witnesses had any personal knowledge of the value of the goods except what was reflected on the price tickets. The majority of the three judge court held that although the price tags were technically admissible because they were part of the property at issue, there was a lack of any foundation testimony by which the price tags could be admitted on the issue of value. Id., 553. The court also concluded that the defendant's right of confrontation had been violated since the state had offered no witness qualified to testify on the issue of value who could have been cross-examined regarding the accuracy of the price tags as indicia of market value. Id., 555. In light of its evidential conclusions, the court reversed the defendant's conviction of grand larceny.
Our consideration of current retail merchandising practices constrains us to reject the majority opinion in Coleman and to follow the reasoning set forth in the minority opinion. "In this day and age, items bought at retail are customarily purchased at the price shown on the price tags attached to the merchandise. Although the price listed on the tags was not necessarily conclusive evidence of the market value of the merchandise in this case, it was at least substantial evidence on which a jury could reasonably rely in determining that the market value of the goods stolen was in fact that which was shown on the price tag." Id., 555 (dissenting opinion).
The weight of authority supports the view that the terms market value and selling price are synonymous; State v. Gyuro, supra; Connecticut Savings Bank v. New Haven, 131 Conn. 575, 582,41 A.2d 765 (1945); State v. King, 164 N.J. Super. 330,396 A.2d 354 (App.Div. 1978), cert. denied, 81 N.J. 54,404 A.2d 1154 (1979); and that any evidence which reasonably tends to show the present value of the stolen goods may be admitted. State v. Gyuro, supra; *Page 801 
People v. Irrizari, 5 N.Y.2d 142, 146,156 N.E.2d 69 (1959); 52A C.J.S., Larceny 118, pp. 618-19; 23 C.J.S., Criminal Law 854, p. 369. A number of courts have applied this principle to admit price tags on the issue of value, since price tags generally reflect the market value of goods for sale. State v. Milano, 94 N.J. Super. 337,228 A.2d 347 (App.Div. 1967); State v. Long, 256 Iowa 1304,130 N.W.2d 663 (1964), rev'd on other grounds sub nom. Long v. District Court of Iowa,385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1965).
The defendant's arguments against the admissibility of these tags are without merit. We are unpersuaded by the argument that such tags are technically excludable as hearsay unless qualified under the business records exception; State v. Coleman, supra; Lauder v. State, 233 Md. 142,195 A.2d 610 (1963); 31A C.J.S., Evidence 194d; since the inherent unreliability of hearsay is not present in this type of evidence. Rather, the fact that price tags generally reflect market value may be judicially noted, since this fact is both commonly known and capable of ready demonstration. See generally State v. Tomanelli, 153 Conn. 365,368-69, 216 A.2d 625 (1966). This fact therefore provides the basis for the admissibility of the tags, which were stolen along with the garments.[2]
The defendant's claim that she was denied her right to confrontation is also groundless, since the admissibility of the price tags does not prevent her from presenting rebutting evidence on the issue of value. State v. Tomanelli, supra, 369 (judicially noted facts are not conclusive, but may be rebutted). The *Page 802 
defendant had the right to contend that the price tags did not necessarily reflect the market value of the goods, but it would be incumbent upon her to present evidence to support this contention. State v. Coleman, supra, 556 (dissenting opinion); People v. Cook, 233 Cal.App.2d 435, 438,43 Cal.Rptr. 646 (1965); State v. McDonald, 312 Minn. 320,251 N.W.2d 705 (1977); People v. Irrizari, supra. The defendant's failure to introduce evidence on this issue defeats her claim that she was denied her right of confrontation.
The court below did err, however, in allowing the security guard to testify about the value of the stolen goods. Although the general rule is that any evidence which is relevant to prove value is admissible; State v. Gyuro, Supra; it is implicit that only competent evidence is actually admissible. 52A C.J.S., Larceny 118, p. 617. Therefore, a witness who testifies as to value must be qualified to do so on the basis of his own personal knowledge or experience; he may not merely transmit information which he receives from outside sources in the field. Burn v. Metropolitan Lumber Co., 94 Conn. 1, 6-7, 107 A. 609 (1919); E.J. Kelley Co. v. Carlin, 4 Conn. Cir. Ct. 282, 288, 230 A.2d 443 (1966); 32 C.J.S., Evidence 546 (114), 546 (115), 546 (117) p. 447; 3 Wigmore, Evidence 711—13, 719 (Chadbourn Rev. 1972). See generally State v. Baker, 182 Conn. 52, 60,437 A.2d 843 (1980). In this case, the testimony of the security guard regarding the value of the stolen goods was not based on her own personal knowledge or experience. Her "opinion" was based solely on the figures stated on the price tags, and as such should have been excluded as incompetent.
In order to support a conviction for larceny in the third degree,[3] the state had to offer competent *Page 803 
evidence that the value of the articles taken exceeded $50. State v. Beatham, Appellate Session of the Superior Court, Docket No. 279 (1977). The defendant claims that the evidence in this case was insufficient to support her conviction. "`When a jury verdict is challenged on the ground that the evidence is insufficient to sustain the verdict, the issue is whether the jury could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt....'" State v. Festo,181 Conn. 254, 259, 435 A.2d 38 (1980).
In the present case, the court erred by allowing the jury to consider both competent and incompetent evidence on the issue of value. This error is harmless, however, where the facts contained in the improperly admitted testimony are established by other evidence. Anonymous v. Norton, 168 Conn. 421, 429, 362 A.2d 532, cert. denied, 423 U.S. 935, 96 S.Ct. 294,46 L.Ed.2d 268 (1975). Since we find that the trial court did not err in allowing the price tags to be admitted into evidence, and because these tags were substantial evidence of market value, this is sufficient to support the jury's guilty verdict. See also State v. Long, 256 Iowa 1304, 1310,130 N.W.2d 663 (1964).
The defendant claims that the trial court erred in charging the jury on the lesser included offense of larceny in the fourth degree when no such request to charge was made. A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested either by the state or by the defendant; (2) it is impossible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser offense; (3) the evidence introduced by the state or the defendant, or a combination of their proofs, justifies *Page 804 
conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser. State v. Tinsley, 181 Conn. 388, 396-97,435 A.2d 1002 (1980).
Since the record indicates that neither party requested a charge on larceny in the fourth degree and since there appears to have been no dispute about whether the value of the goods exceeded $50, the charge should not have been given, as the state concedes. We agree with the claim of the state, however, that the error was harmless in view of the verdict finding the defendant guilty of larceny in the third degree.
For an erroneous portion of a charge to be reversible error, the court must consider the whole charge and determine, in appeals not involving a constitutional question, if it is reasonably probable that the jury were misled; and, in appeals involving a constitutional question, if it is reasonably possible that the jury were misled. State v. Rose, 169 Conn. 683,687, 363 A.2d 1077 (1975). Under either test, the error in the charge was harmless.
The defendant claims that under Practice Book 813[4] a separate evidentiary hearing is required *Page 805 
when a motion to suppress evidence is made. This claim is incorrect. Though 813 requires the judicial authority to whom the case has been assigned for trial to hear all motions which require an evidentiary hearing, nowhere does it mandate a separate evidentiary hearing.
Obviously, the better and more prudent procedure is for the court to determine questions as to the admissibility of evidence in the jury's absence, if for no other reason than that such a procedure obviates any risk that the jury may hear evidence which the court ultimately determines to be inadmissible. State v. Panella, 168 Conn. 532,540, 362 A.2d 953 (1975). While it might have been preferable for the court to have conducted the evidentiary hearing in the absence of the jury, we do not find it to be mandatory.
When a defendant claims that the court below made an erroneous ruling, he bears the burden of establishing that the claimed error was harmful. State v. Pepe, 176 Conn. 75, 81, 405 A.2d 51
(1978). In deciding whether an error was harmful, the ultimate question is whether the error was materially injurious to the defendant's case so as to constitute cause for reversal. State v. L'Heureux, 166 Conn. 312, 323, 348 A.2d 578
(1974). In the present case, the price tags provided sufficient evidence, independent of the improperly admitted testimony, to support the jury's verdict. On the facts before us, we hold that the defendant has not sustained her burden of establishing harmful, material error by the trial court.
 There is no error.
In this opinion SHEA and BIELUCH, Js., concurred.