Roosevelt Lacy was convicted in the Circuit Court of Lowndes County, Honorable Harvey Buck, presiding, for shoplifting property valued in excess of $100.00 and was sentenced to a term of five (5) years in custody of the Mississippi Department of Corrections. Lacy has appealed and assigns two errors in the trial below:
I. The lower court erred in overruling appellant's objections and motion to exclude the price tags from the exhibits since this information constitutes hearsay.
II. The lower court erred in refusing Jury Instruction D-3, a lesser-included offense instruction, because the value of these items was not clearly shown to be in excess of $100.00.
The offense occurred at the Sears Store in Columbus, Mississippi, and the facts are uncontradicted. Around 8:55 p.m., just before the store closed, Alton Beck, a security officer, heard the store announcer notify the customers that the store was closing. Beck went to the men's dressing rooms to check for customers there, since the announcement could not be heard easily in that area. Beck detected someone inside the dressing room, and he notified the person that the store was closing, and received an acknowledgment from him. He waited until the person left and he identified him as Lacy, who was not carrying any merchandise from the dressing room. Beck also noticed that Lacy's clothes were bulging, whereupon, he checked the dressing room, and finding four of the store's shoplifting sensing devices there, he followed Lacy toward an exit. That door was locked, and when Lacy turned to find another exit, Beck stopped Lacy and took him to the manager's office. The Columbus police were notified, and Officer Mark Miller reported to the scene.
Officer Miller and Beck determined that Lacy was wearing other articles underneath *Page 1206 
his regular clothing, and they requested that he remove his shirt. Thereupon, they discovered Lacy was wearing two vests under his shirt, there was a coat wrapped around his waist, and he was wearing a pair of new trousers under his outside pants. Lacy was arrested and a search of his person revealed some tools which included a piece of chain, a screwdriver, a punch, and a piece of metal (these were used to remove the sensing devices).
 I.
Appellant objected to introduction of the price tags, which were attached to the clothing, on the ground that they constituted hearsay.
Price tags on the garments indicated the pants had a value of $69.00, the vests were either $27.00 or $29.00, and the coat was $48.00, for a total of $144.00.
Although no Mississippi case has been cited involving this precise question, it was presented to, and discussed by, the Connecticut court in State v. White, 37 Conn. Sup. 796,437 A.2d 145 (Conn.Super.Ct. 1981):
 Our consideration of current retail merchandising practices constrains us to reject the majority opinion in Coleman [State v. Coleman, 19 Wn. App. 549, 576 P.2d 925 (Wash. Ct. App. 1978)] and to follow the reasoning set forth in the minority opinion. "In this day and age, items bought at retail are customarily purchased at the price shown on the price tags attached to the merchandise. Although the price listed on the tags was not necessarily conclusive evidence of the market value of the merchandise in this case, it was at least substantial evidence on which a jury could reasonably rely in determining that the market value of the goods stolen was in fact that which was shown on the price tag." Id., 555, 576 P.2d 925 (dissenting opinion).
 * * * * * *
 The defendant's arguments against the admissibility of these tags are without merit. We are unpersuaded by the argument that such tags are technically excludable as hearsay unless qualified under the business records exception; State v. Coleman, supra; Lauder v. State, 233 Md. 142, 195 A.2d 610 (1963); 31A C.J.S., Evidence § 194d; since the inherent unreliability of hearsay is not present in this type of evidence. Rather, the fact that price tags generally reflect market value may be judicially noted, since this fact is both commonly known and capable of ready demonstration. See generally State v. Tomanelli, 153 Conn. 365, 368-69, 216 A.2d 625
(1966). This fact therefore provides the basis for the admissibility of the tags, which were stolen along with the garments. [437 A.2d at 148].
For a similar view, see Thompson v. State, 249 So.2d 51 (Fla. Dist. Ct. App. 1971); Lauder v. State, 233 Md. 142,195 A.2d 610 (1963); State v. McDonald, 312 Minn. 320, 251 N.W.2d 705
(1977); Albuquerque v. Martinez, 93 N.M. 704, 604 P.2d 842
(N.M. Ct.App. 1979); Norris v. State, 475 S.W.2d 553, 555 (Tenn.Cr.App. 1971).
It is undisputed that the price tags were attached to the garments when the theft occurred; that there was no sale of such garments in the store which would reduce their displayed price; Beck had been trained under the store's new employee program, and he had discussed pricing with the store manager; and the garments came from two public display racks where the high value men's items were kept. The evidence and logical inferences showed that the value of the stolen clothes exceeded $100.00.
 II.
The appellant next contends that the lower court erred in refusing Jury Instruction D-3 which involved a lesser-included offense of shoplifting property valued at less than $100.00.
Appellant argues here, as in the previous assignment, that the value of the materials stolen was not conclusively shown. However, all the evidence indicates that the value of the clothing exceeded $100.00. The appellant offered no evidence in dispute of that value, or to indicate the stolen *Page 1207 
articles had a value of less than $100.00. In Presley v. State,321 So.2d 309, 310-11 (Miss. 1975), the Court said: "[I]f the evidence does not justify submission of the lesser-included offense, the court should refuse to do so. Unwarranted submission of a lesser offense is an invitation to the jury to disregard the law." See also Grace v. State, 375 So.2d 419 (Miss. 1979).
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.