Charlotte Grant DeBruce was indicted and convicted for theft of property in the second degree. Alabama Code 1975, § 13A-8-4. She was sentenced as an habitual offender to ten years' imprisonment. Four issues are raised on appeal.
 I
DeBruce contends that there was no competent evidence of the value of the property taken. This is a shoplifting case involving the theft of a silver cup from Rich's Department Store in Birmingham. The State's evidence shows that Jimmy Lee Terry placed the cup inside his coat. As Terry and DeBruce walked away from the silver department, Terry placed the cup in DeBruce's purse. The pair went to the jewelry department where Terry removed various items of jewelry and placed them in his pocket. When Terry was confronted by store security agents, DeBruce walked away. Store Detective Diane Brookins observed DeBruce remove the cup from her purse, place it on a "riser" or display shelf, and exit the store. Brookins recovered the cup, which bore a sticker identifying the cup as the property of Rich's and listing the purchase price.
At trial, the State's only witnesses as to the value of the cup were Ms. Brookins and another store detective, Dorothy Godfrey. Neither witness had any personal knowledge of the value of the cup except what was reflected on the price sticker. Over a general objection and one of "improper predicate", Ms. Godfrey stated her "judgment as to the value of this cup based on the price tag." Ms. Brookins was never asked her opinion as to the value of the cup but testified to what the price sticker "said as to value." She also stated that because of the fluctuating price of silver, "(w)e go up and down with mark-ups and mark-downs on a daily basis."
We find that the trial judge erred in allowing Store Detective Godfrey to testify about the value of the cup, that the price sticker was substantial evidence on which the jury could reasonably rely in determining the market value of the stolen cup, and that the error in the testimony of the store detective was harmless. These findings involve issues of first impression in Alabama.
 A.
Our finding that Store Detective Godfrey was not qualified to testify to her opinion concerning the value of the cup is based on the undisputed fact that her knowledge of that value was based solely on the price tag.
The only predicate necessary for the receipt of opinion testimony of value is that the witness has had an opportunity to form a correct opinion of the value of the stolen property.State v. Johnson, 268 Ala. 11, 13, 104 So.2d 915 (1958); Ticev. State, 386 So.2d 1180, 1186 (Ala.Cr.App.), cert. denied, Exparte Tice, 386 So.2d 1187 (Ala. 1980); Alabama Code 1975, §12-21-114. For purposes of offenses involving theft, "value" is defined as "(t)he market value of the property at the time and place of the criminal act." Alabama Code 1975, § 13A-8-1 (14). *Page 891 
"In this case, the testimony of the security guard regarding the value of the stolen goods was not based on her own personal knowledge or experience. Her `opinion' was based solely on the figures stated on the price tags, and as such, should have been excluded as incompetent." State v. White, 37 Conn. Sup. 796,437 A.2d 145, 149 (1981). Store security officers are not qualified to testify as to the value of stolen merchandise where their knowledge is based solely on the price ticket.State v. Coleman, 19 Wn. App. 549, 576 P.2d 925, 927 (1978).
 "The record does not indicate that the store detective was qualified to testify of her own personal knowledge as to the value of the stolen merchandise. Though she professed that part of her job was to know the price of the more expensive pilferageable goods, she admitted that she was not involved in the pricing of the merchandise, had no access to wholesale or retail price lists, and would not know if the goods were mismarked. As such, she was not qualified to testify concerning the value of goods as would a shop owner or manager. . . . Her knowledge was gained exclusively from the price tags on the merchandise." People v. Codding, 191 Colo. 168, 551 P.2d 192, 193 (1976).
 B.
Although Godfrey's opinion of the value of the stolen cup should not have been admitted, the price sticker on the cup was competent evidence of value. Here, the only objections to the admission of the price sticker were a mere "objection" and that "(a)nybody could have put that tag on there."
At the outset, we recognize that there is authority that price tags constitute inadmissible hearsay unless properly qualified as a business record exception. Codding, supra;Coleman, supra. However, our research reveals that the weight of authority supports the conclusion that, in a shoplifting case, a price tag constitutes competent evidence of the value of stolen property. In Lacy v. State, 432 So.2d 1205, 1206
(Miss. 1983), the Supreme Court of Mississippi rejected the majority opinion in Coleman, supra, and held that where the price tags were attached to the garments when the theft occurred, where there was no sale in the store which would reduce their displayed value, and where the garments came from two public display racks where "high-value" men's items were kept, the price tags were not inadmissible on the grounds they constituted hearsay. Price tags are competent evidence of the value of stolen goods in a shoplifting prosecution. Calbert v.State, 670 P.2d 576 (Nev. 1983); Lauder v. State, 233 Md. 142,195 A.2d 610 (1963). "Where a defendant is charged with shoplifting, uncontradicted evidence that merchandise was displayed for regular sale at a market retail price may constitute circumstantial evidence on the value of an item."State v. Tunnell, 99 N.M. 450, 659 P.2d 902 (1982), reversed on other grounds, 99 N.M. 446, 659 P.2d 898, 904 (1983); City ofAlbuquerque v. Martinez, 93 N.M. 704, 604 P.2d 842, 843 (1979). "In a shoplifting case, evidence that merchandise is offered for sale at a marked price is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price of its value." Statev. Harris, 641 S.W.2d 515, 516 (Tenn.Cr.App. 1980); Norris v.State, 475 S.W.2d 553, 555 (Tenn.Cr.App. 1972).
Like the Supreme Court of Mississippi, we adopt the rejection of the majority opinion in Coleman, supra, and follow the decision of the Superior Court of Connecticut in State v.White, 37 Conn. Sup. 796, 437 A.2d 145, 148 (1981):
 "Our consideration of current retail merchandising practices constrains us to reject the majority opinion in Coleman and to follow the reasoning set forth in the minority opinion. `In this day and age, items bought at retail are customarily purchased at the price shown on the price tags attached to the merchandise. Although the price listed on the tags was not necessarily conclusive evidence of the market value of the merchandise in this case, it was at least substantial evidence *Page 892 
on which a jury could reasonably rely in determining that the market value of the goods stolen was in fact that which was shown on the price tag.' Id. [19 Wn.App.] 555, 576 P.2d 925 (dissenting opinion)."
* * * * * *
 "The defendant's claim that she was denied her right to confrontation is also groundless, since the admissibility of the price tags does not prevent her from presenting rebutting evidence on the issue of value. State v. Tomanelli, supra [153 Conn. 365] 369, 216 A.2d 625 (judicially noted facts are not conclusive, but may be rebutted). The defendant had the right to contend that the price tags did not necessarily reflect the market value of the goods, but it would be incumbent upon her to present evidence to support this contention. State v. Coleman, supra, 556, 576 P.2d 925 (dissenting opinion); People v. Cook, 233 Cal.App.2d 435, 438, 43 Cal.Rptr. 646 (1965); State v. McDonald, 312 Minn. 320, 251 N.W.2d 705 (1977); People v. Irrizari, supra [5 N.Y.2d 142, 179 N.Y.S.2d 102, 156 N.E.2d 69
(1959)]. The defendant's failure to introduce evidence on this issue defeats her claim that she was denied her right of confrontation.
 "The defendant's arguments against the admissibility of these tags are without merit. We are unpersuaded by the argument that such tags are technically excludable as hearsay unless qualified under the business records exception; State v. Coleman, supra; Lauder v. State, 233 Md. 142, 195 A.2d 610 (1963); 31A C.J.S., Evidence § 194d; since the inherent unreliability of hearsay is not present in this type of evidence. Rather, the fact that price tags generally reflect market value may be judicially noted, since this fact is both commonly known and capable of ready demonstration. See generally State v. Tomanelli, 153 Conn. 365, 368-69, 216 A.2d 625
(1966). This fact therefore provides the basis for the admissibility of the tags, which were stolen along with the garments."
We adopt the reasoning in White, Lacy, and Norris and hold that in a shoplifting case, a price tag attached to the stolen property at the time of the theft is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price of its value.
Our finding that the price tags are not inadmissible hearsay squares with the general rule that inscriptions or labels placed on packages for the purpose of indicating their contents are competent evidence, strong or weak according to the attendant circumstances, of their actual contents. Kennedy v.State, 182 Ala. 10, 62 So. 49 (1913); Cusimano v. State,27 Ala. App. 407, 409, 173 So. 490 (1937); Herring v. State,11 Ala. App. 202, 203, 65 So. 707 (1914); Hodge v. State,11 Ala. App. 185-86, 65 So. 676 (1914). See also Burks v. Hubbard,69 Ala. 379, 384 (1881) (The market price of property is "a conclusion which is largely made up of presumptions, and may always be proved by the opinions of witnesses based of necessity, in part at least, on hearsay").
 C.
Although Store Detective Godfrey's opinion of the value of the stolen cup was incompetent, the price sticker was properly admitted into evidence. The trial judge erred by allowing the jury to consider both competent and incompetent evidence on the issue of value. However, this error is harmless. White, 437 A.2d at 149. "Admissions of incompetent evidence are harmless, where the fact to which that evidence relates is otherwise established by competent evidence." Smith v. State, 229 Ala. 207,157 So. 874 (1934). Error in the admission of hearsay testimony is harmless where the testimony is cumulative. Cobernv. State, 273 Ala. 547, 551, 142 So.2d 869 (1962). Error in the admission of opinion testimony is rendered harmless where there is competent evidence to the same conclusion. McPhearson v.State, 271 Ala. 533, 538, 125 So.2d 709 (1961); Holland v. *Page 893 State, 424 So.2d 1387, 1390 (Ala.Cr.App. 1982).
For these reasons, we find that there was competent evidence as to the value of the property stolen.
 II
The defendant argues that the State presented no evidence of her unlawful intent to deprive the owner of his property.
To sustain a conviction for theft, the prosecution must prove that the accused knowingly obtained or exerted unauthorized control over the property of another, with the intent to deprive the owner of his property. Alabama Code 1975, § 13A-8-2
(1). Here, the issue of the defendant's intent was for the jury. Barbee v. State, 395 So.2d 1128, 1131 (Ala.Cr.App. 1981).
The State's evidence shows that the defendant's companion placed the cup in the purse the defendant was carrying. The defendant accompanied Terry to another part of the store where he placed assorted items of jewelry in his pocket. After Terry was stopped by store detectives, the defendant walked away, disposed of the cup in another portion of the store, and walked out the door. The facts furnish a sound basis for the element of intent. See Martin v. State, 371 So.2d 460 (Ala.Cr.App. 1979).
Here, there was no evidence that the cup was inadvertently placed in the defendant's purse or that the defendant took the cup merely with the intention of borrowing it temporarily.McMurphy v. State, 358 So.2d 1065, 1066 (Ala.Cr.App.), cert. denied, 358 So.2d 1069 (Ala. 1978). Here, the cup was not openly taken with no subsequent attempt of concealment.McMullen v. State, 53 Ala. 531, 534 (1875). The fact that the defendant abandoned the cup after her accomplice was caught does not contradict a finding that at the time of the actual taking she had the intent to permanently deprive the owner of his property. See 50 Am.Jur.2d Larceny § 37 (1970). "Secrecy has been said to be the usual evidence of felonious intent in larceny, and where it is shown that the property was secretly taken, no other motive appearing, the inference is proper that it was taken feloniously." 50 Am.Jur.2d Larceny at § 157. "Thus, when property is secretly and clandestinely taken and no other motive is shown, the inference naturally arises that it was taken feloniously, and evidence of such a taking warrants a conviction." 52A C.J.S. Larceny § 136 (2)(a) (1968). The evidence of the other acts of shoplifting committed by the defendant's accomplice was admissible on the issue of the defendant's intent. Curtis v. State, 78 Ala. 12 (1884).
 III
Although the defendant argues that the trial judge's question of a defense witness was improper and prejudicial, there was no objection raising this issue at trial. Without objection nothing is presented for review. Barbee, 395 So.2d at 1133. We have examined the record and find no impropriety in the judge's single question of the defense witness. Smith v. State,447 So.2d 1327, 1330-31 (Ala.Cr.App. 1983).
 IV
The defendant alleges that the trial court erred in not granting defense counsel's request to cross examine State's witness Godfrey with respect to an alleged prior inconsistent statement before the grand jury.
At trial Godfrey testified that she recovered the stolen cup from the riser where the defendant had placed it. Neither her testimony before the grand jury nor her written report of the incident contradicts her trial testimony. Neither contains exculpatory information. The trial judge reviewed the reports of the two store detectives and found that "their reports are almost identical with their testimony": "I am holding it not only exculpatory, it's almost explicit to what they have testified to."
"[A] witness may always be impeached by showing that he has made a contradictory statement as to material matters before the grand jury." Mullins v. State, 31 Ala. App. 571, *Page 894 
573, 19 So.2d 845 (1945). Here, the trial judge conduced an in camera inspection of the grand jury notes and the reports. Our independent examination of these documents confirms the trial judge's finding that they contain no exculpatory evidence and are not inconsistent with the witnesses' trial testimony. Millican v. State, 423 So.2d 268
(Ala.Cr.App. 1982). The defendant's argument on this issue is not supported by the record.
Our review convinces us that the defendant received a fair trial and that the judgment of the circuit court should be affirmed.
AFFIRMED.
All Judges concur.