McMILLAN, Judge.
After a trial by jury, the appellant was found guilty of the offense of theft of property in the second degree pursuant to *1385 the provisions of § 13A-8-4, Code of Alabama 1975. Appellant was then sentenced as a habitual offender to 20 years’ imprisonment. From his conviction, this appeal follows. For the reasons outlined below, the judgment of the trial court is due to be affirmed.
On May 15, 1984, the appellant was observed by the general manager of the El-Mart Food and Drug in Leeds, Alabama, leaving the store with several cartons of Kool cigarettes. Since the appellant had not paid for the cigarettes, the manager, Mr. Bill Burrus, notified the police. Within 30 minutes, the appellant was arrested, identified by Burris, and charged with the offense of theft of property. At trial, Bur-rus gave certain testimony concerning the value of the stolen cigarettes. A portion of this testimony established that the value of the cigarettes could be determined from the price tags that were placed on each carton.
The only issue raised on appeal is whether the trial court erred when it allowed Burrus to testify as to the value of the cigarettes since, according to the appellant, Burrus had no “personal knowledge of said value.” This issue, however, has been previously decided adversely to the appellant by virtue of the holding in DeBruce v. State, 461 So.2d 889 (Ala.Cr.App.1984). In DeBruce, this court, per Presiding Judge Bowen, held that “in a shoplifting case, a price tag attached to the stolen property at the time of the theft is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price of its value.” Id., at 892.
Under the authority of DeBruce, supra, it is apparent that there was no error at the trial court level and the value of the stolen cigarettes was properly established at trial. Thus, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.