[No. 12942-0-III.    Division Three.    May 31, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. SANDRA SUE KLEIST, *Appellant.*

*James J. Barlow,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Andrew J. Metts, Deputy,* for respondent.

MUNSON, J. — Sandra Kleist appeals her second degree theft conviction contending (1) the court erred in excluding evidence of the price of similar property at a nearby store, and (2) the evidence was insufficient to support finding the value of the goods exceeded $250.

Ms. Kleist removed seven articles of clothing from the racks of The Bon Marche store in Spokane. She placed the clothing in a shopping bag she had removed from her purse, and left the store without paying for the items. She was detained by the store's security officer and later charged with one count of second degree theft, RCW 9A.56.040(1)(a).

Before trial, the State moved to exclude testimony of a buyer from a nearby store, Nordstrom, showing the same items of clothing could have been purchased there for less than $250. The Nordstrom price, however, represented the "sale" or marked-down price of the items. The court ruled only evidence of retail prices at retail stores comparable to The Bon Marche would be admissible, and excluded the proposed evidence.

Ms. Kleist contends the court should not have excluded evidence of the price at which Nordstrom, a nearby retail store, was selling items identical to those she was accused of taking, on the grounds the items had been marked down from their original price at Nordstrom. Second degree theft is theft of property which exceeds $250 in value. RCW 9A.56.040(1)(a). Value is defined as "the market value of the property . . . at the time and in the approximate area of the criminal act." RCW 9A.56.010(12)(a).

> "Market value" is defined in this state as the price which a well-informed buyer would pay to a well-informed seller, where neither is obliged to enter into the transaction.

*State v. Clark,* 13 Wn. App. 782, 787, 537 P.2d 820 (1975). *Clark,* at 787-88 (quoting 52A C.J.S. *Larceny* § 118, at 618-

19 (1968)) noted the following additional principle is relevant:

> If the property has a market value the evidence must be limited to such value, at the time and place of the offense or at a nearby place, but evidence of value at a distant point is not competent.

The second degree theft statute applies to the theft of a variety of property from any source. When items are stolen from a retail establishment, the price at which the items are sold at that outlet will provide substantial evidence of their market value. *State v. Farrer*, 57 Wn. App. 207, 210, 787 P.2d 935 (1990).

■ The value of an item at a particular retail outlet includes, in addition to the intrinsic value of the item, certain intangibles related to the specific outlet where the item is sold, including the store's reputation, ambience, and the nature and extent of precautions taken against shoplifting. Because these intangibles vary, the price at which the same goods are sold at another store is not relevant so long as evidence is available to establish their price at the store from which they were stolen. The court did not err in excluding evidence of the price at which the property was sold at a different store.

■■ Ms. Kleist also contends the evidence presented by the State was insufficient to establish the value of the property taken. Evidence is sufficient if it would permit any rational trier of fact to find the essential element of the offense beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980). The State bears the burden of proving the value of the stolen property, and evidence in the form of price tags is insufficient, without more, to support a finding on the issue of value. *State v. Coleman*, 19 Wn. App. 549, 576 P.2d 925 (1978). However, price tags are sufficient evidence of value if an adequate foundation is laid as to a retailer's pricing procedures and the nonnegotiable status of the prices on the tags. *Farrer*, at 209.

Pam Brown, a division sales manager with The Bon Marche, testified in detail about the pricing system used by

the store, including the manner in which prices are set and entered into a computer system using product codes. The security officer who detained Ms. Kleist testified he copied the product codes from the stolen property on a record kept by the store and determined the item prices using the store's pricing system. The store record was admitted in evidence and reflects the total value of the items. Ms. Brown testified the prices in the computer system are not negotiable. The evidence is sufficient to support the court's finding the items had a total market value of $299.

Affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.

Review granted at 125 Wn. 2d 1007 (1994).