604 P.2d 842

**CITY OF ALBUQUERQUE,**
Plaintiff-Appellee,

v.

**Andrew R. MARTINEZ,**
Defendant-Appellant.

**No. 4077.**

Court of Appeals of New Mexico.

Dec. 18, 1979.

James K. Gilman, Gilman & Maguire, Albuquerque, for defendant-appellant.

Albert N. Thiel, Jr., Asst. City Atty., Albuquerque, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

The defendant was convicted of shoplifting, a petty misdemeanor, in the municipal court and was sentenced to thirty days. He

appealed to the district court and after a de novo hearing his conviction was affirmed and he was sentenced to thirty days. He appeals contending that there was a failure of proof of value. We disagree and affirm.

Albuquerque Ordinance 3–2(B)(1) reads in part:

Shoplifting consists of any one or combination of the following acts:

1. Willfully taking possession of any merchandise with the intent of converting it without paying for it.

Subsection (C)(2) reads:

"Merchandise" means chattels of any type or description of the value of $100 or less offered for sale in or about a store.

In the district court Mr. Henry Lopez, security manager for K-Mart, testified that he observed the defendant in the store. The defendant put on a man's coat and left the store without paying for it. Mr. Lopez, in addition, testified, "This coat was valued at $47.97." He further described the coat, "It was a man's ski jacket, kind of heavy, filled with something like polyester." Additionally, he testified that he did speak to the defendant, "When I stopped him outside, he said that he was going to ask his wife for some money to pay for it." During cross-examination the following exchange took place:

Q. And what is your basis for saying the coat was worth a certain amount of money?

A. Mr. Martinez—when I observed him, he removed the coat, removed the tag, and I picked it up where he dropped it.

The above testimony is sufficient circumstantial proof that the coat had some market value at the time of conversion by the defendant. Additionally, the trier of fact could properly infer that the price tag was the source from which the security manager concluded the precise value of $47.97. We adopt the holding in *Norris v. State,* 475 S.W.2d 553 (Tenn.App.1971):

We hold that in a shoplifting case evidence that merchandise was displayed for regular sale at a marked price representing its retail price is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price as its value.

Affirmed.

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.