Certiorari Denied, July 20, 2011, No. 33,096

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-085

Filing Date:  May 27, 2011

Docket No. 29,717

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

BRYAN COFER,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Thomas A. Rutledge, District Judge

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**VANZI, Judge.**

**{1}** Defendant Bryan Cofer appeals his conviction for shoplifting merchandise worth over $500, a fourth-degree felony, in violation of NMSA 1978, Section 30-16-20(B)(3) (2006).  On appeal, we address his arguments that (1) the district court abused its discretion in admitting improper hearsay evidence by allowing the State's only witness to testify to

statements from a report that was not admitted into evidence, and (2) the State failed to present sufficient evidence that the market value of the merchandise was over $500. We reverse Defendant's conviction because the district court erred in allowing hearsay testimony about the price of the merchandise and because the report the witness relied on was not admitted into evidence under the hearsay exception of a record of regularly conducted activity. However, because there was sufficient evidence to support Defendant's conviction, retrial is not barred.

## BACKGROUND

**{2}** On June 22, 2008, Defendant took a 32" Sanyo LCD HD television from Wal-Mart in Artesia, New Mexico. When an officer in Roswell, New Mexico, pulled Defendant over based on information provided by the police dispatcher, the officer noticed a 32" Sanyo television in plain view in the back seat of Defendant's vehicle. After the police officer read Defendant his *Miranda* rights, Defendant admitted that he shoplifted the television from Wal-Mart. The State charged Defendant with one count of shoplifting over $500, in violation of Section 30-16-20(B)(3).

**{3}** At a bench trial on April 28, 2009, Defendant stipulated to the facts that "[o]n June 22, 2008, he took a Sanyo 32" television from the Wal-Mart in Artesia . . . without paying for it." He did not stipulate to the value of the item taken. Kathryn Moeller, an assistant manager from the electronics department at the Artesia Wal-Mart, was the only witness for the State. She testified that she had researched the value of the television and that based on an intranet database, the in-store price for the television was $576 on the date of the crime.

**{4}** Defense counsel objected to Moeller's testimony, arguing that the price of the television was hearsay, that Moeller needed to lay a better foundation for the evidence, that the prosecution had violated its duty to disclose the report Moeller researched in violation of Rules 5-501 and 16-308 NMRA, and that Defendant's Sixth Amendment right to confrontation had been violated. The State responded that there is a pricing exception to the hearsay rule and that, therefore, Moeller's testimony about the price of the television was not hearsay. The district court asked the State to lay a foundation for Moeller's testimony and then allowed her to testify regarding the price of the television. The district court concluded that Moeller's testimony could establish that the report she researched qualified as a business record and that the State did not breach its duty to disclose the report because it had disclosed the witness months before the trial.

**{5}** Following Moeller's testimony, the district court found that the value of the television exceeded $500 and Defendant was convicted of shoplifting merchandise valued at more than $500, in violation of Section 30-16-20(B)(3), a fourth-degree felony. Defendant was sentenced to eighteen months on the shoplifting charge, with one year suspended; however, his sentence was enhanced by four years due to his status as a habitual offender.

## DISCUSSION

**{6}** On appeal, Defendant raises two issues. He argues that the district court abused its discretion in allowing hearsay into evidence. He also contends that the State did not present sufficient evidence to support his conviction. We address each in turn.

### Hearsay Testimony and the Business Records Exception

**{7}** We review the district court's "admission of evidence for an abuse of discretion." *State v. Branch*, 2010-NMSC-042, ¶ 9, 148 N.M. 601, 241 P.3d 602. There is an abuse of discretion "when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 (internal quotation marks and citation omitted). If there are reasons that both support and detract from a court's decision, there is no abuse of discretion. *Id.*

**{8}** In this case, Moeller testified that she conducted research on Wal-Mart's electronic intranet database to determine the price of the television. There is no dispute that Moeller's testimony that the television set was priced at $576 on the date of the crime was being offered to establish that the television was worth over $500. On appeal, Defendant asserts that the district court erred in allowing Moeller to testify to the price of the television. Defendant contends that the statement of price was inadmissible hearsay evidence. Further, Defendant argues that Moeller's testimony should not have been admitted as an exception to the rule against hearsay for records of regularly conducted activity because the price report Moeller relied on was not introduced into evidence.

**{9}** "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 11-801(C) NMRA. Rule 11-802 NMRA prohibits the admission of hearsay evidence with certain exceptions. One of the exceptions to the hearsay rule is the admission of records of regularly conducted activity, also known as the business records exception. Rule 11-803(F) NMRA. We begin our analysis by first determining whether Moeller's statements of price based on her research of the Wal-Mart computer database constitutes hearsay and, if it does, whether her testimony based on documents not admitted into evidence constitutes an exception under Rule 11-803(F).

**{10}** We agree with Defendant that Moeller's testimony at trial that the price of the television was $576 was inadmissible hearsay. We do so for two reasons. First, we note that although it did not explicitly rule that Moeller's testimony was hearsay, the district court determined that Moeller could testify about the price of the television based on her research under the business records exception to the hearsay rule if the State laid an adequate foundation. The State apparently did so, and the district court allowed Moeller's testimony under the business record exception, ultimately ruling that the price of the television was $576 on the date it was stolen. On appeal, the State contends that the district court properly admitted her testimony under the records of regularly conducted activity exception. Because the State does not challenge Moeller's testimony as not being hearsay, we conclude that it has acquiesced in the district court's ruling that the admission of Moeller's testimony was proper only under the business record exception to the hearsay rule.

3

**{11}** Second, even if the State properly preserved its argument that there is a price exception to the hearsay rule, we nevertheless determine that Moeller's testimony in this case constituted inadmissible hearsay. At trial, the State argued—as it does on appeal—that this Court in *City of Albuquerque v. Martinez*, 93 N.M. 704, 604 P.2d 842 (Ct. App. 1979), implicitly held that a written statement of price is not hearsay. Therefore, the State argues that all testimony about the price of a stolen item is admissible evidence notwithstanding that there is no corresponding documentation introduced into evidence at trial. We are not persuaded, and we conclude that the State's application of *Martinez* is distinguishable from the present case on its facts.

**{12}** In *Martinez*, a security manager testified to the value of a stolen coat based on a price tag that he picked up that had been attached to the coat. *Martinez*, 93 N.M. at 705, 604 P.2d at 843. The defendant argued that the State failed to prove the value of the merchandise he shoplifted. *Id.* at 705, 604 P.2d at 843. We disagreed and held that "in a shoplifting case [the security manager's testimony] that merchandise was displayed for regular sale at a marked price representing its retail price is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price as its value." *Id. Martinez* adopted the holding in *Norris v. State*, 475 S.W.2d 553, 555-56 (Tenn. Crim. App. 1971), in which the Tennessee appellate court concluded that the testimony of two security officers regarding the price of merchandise they observed on price tags attached to the merchandise displayed for sale was not hearsay.

**{13}** *Martinez*, *Norris*, and the line of cases allowing testimony concerning the value of a stolen item based on the information found on a price tag have generally found that such testimony is admissible because items displayed for sale over a period of time with a price tag upon it, indicating the item's regular sale price, is commonly known and capable of ready demonstration. *See, e.g.*, *Norris*, 475 S.W.2d at 555-56; *see also Robinson v. Commonwealth*, 516 S.E.2d 475, 478-79 (Va. 1999) (stating that it is common knowledge that department stores regularly affix price tags to merchandise and that is the price the purchaser must pay without an opportunity to negotiate a reduced price); *People v. Drake*, 475 N.E.2d 1018, 1021-22 (Ill. App. Ct. 1985) (stating that information shown on stickers attached to stolen items are admissible evidence); *DeBruce v. State*, 461 So.2d 889, 892 (Ala. Crim. App. 1984) (holding that price attached to stolen property at time of theft is circumstantial evidence of value); *Lacy v. State*, 432 So.2d 1205, 1206 (Miss. 1983) (holding that price tags are not hearsay and are admissible when attached at time of theft); *Calbert v. State*, 670 P.2d 576, 576 (Nev. 1983) (per curiam) (stating that price tags attached at time of theft are competent evidence of value); *Lauder v. State*, 195 A.2d 610, 611 (Md. 1963) (price tags admissible where tag is attached at time of arrest and similar tags are attached to similar articles throughout the store). As one court has explained, the inherent unreliability of hearsay is not present in these circumstances because "[i]t is common knowledge that department and other stores regularly affix price tags to items of merchandise and that the tagged price is what a purchaser must pay to acquire an item, without the opportunity to negotiate a reduced price or to question how the tagged price was reached." *Twine v. Commonwealth*, 629 S.E.2d 714, 718 (Va. Ct. App. 2006). Thus, it is "unreasonable and unnecessary to require that in each case a merchant must send to court not only a [witness

4

to the theft] but also other personnel to establish the reliability of the information shown on a price tag affixed to an item that has been stolen." *Id.*

**{14}** We need not decide today whether price tags should be technically excludable as hearsay because this case is markedly different from those instances in which a person—generally a security guard or store employee—testifies at trial about the value of the stolen item based on a price tag affixed to the item at the time of the theft. Here, Moeller had no independent knowledge of the value of a 32" Sanyo LCD HD television at the Wal-Mart in Artesia—that it was displayed for regular sale and carried a price tag of $576. Rather, Moeller testified that she obtained the price information after being requested to do so by the State, some ten months after the theft occurred. The State provided the make and model number to Moeller in order for her to conduct her research. Moeller explained that she learned the price of the television by researching inventory reports on the Wal-Mart intranet. She testified that the price of a 32" Sanyo LCD HD television in January 2009—seven months after Defendant stole the television—had changed to $478, that the price was $576 in June 2008, and that the price had been "rolled back" to $498 in September 2008. The reports which formed the basis of Moeller's testimony were not introduced at trial or admitted into evidence.

**{15}** Given the facts of this case, *Martinez* and the line of cases addressing the issue of whether price tags are out-of-court assertions of the fact to be proved have no bearing on our inquiry. Moeller's testimony about the price of the television was not based on independent knowledge of figures stated on a price tag affixed to or near the television at the time of the theft. Rather, her testimony concerning the price of a 32" Sanyo LCD HD television on June 22, 2008, was the result of a records search of Wal-Mart's intranet database many months and several price adjustments after the theft had occurred. What is involved here is simply classic hearsay testimony which, by itself, does not meet any exceptions to the rule. Accordingly, we conclude that Moeller's testimony about the price of the television was properly excludable as hearsay unless qualified under the business records exception. We now turn to the district court's ruling in that regard.

**{16}** At trial, Moeller testified about the research she conducted to determine that the in-store price of a 32" Sanyo LCD HD television on June 22, 2008, was $576, exclusive of any tax. She also testified in some detail about the records concerning merchandise and pricing that Wal-Mart keeps on its electronic intranet database. Defense counsel objected to Moeller's testimony, because he did not know of and had not seen the reports she was relying on for her testimony. Moeller admitted that she did not print out the records on which she had based her testimony, but she testified that the records are kept both as a hard copy and on the database. However, she did not print out any of the reports nor did she bring a hard copy of the information on which she based her testimony to the trial. The State merely elicited testimony from Moeller about the contents of records that were not available for review and were not admitted into evidence. The district court nevertheless allowed Moeller's testimony alone to be introduced as a business record exception. Defendant contends that the district court abused its discretion in admitting Moeller's testimony because if the record she referred to qualified as a business record, then a printout or some other record should have been admitted into evidence. We agree.

5

**{17}** Evidence is admissible pursuant to Rule 11-803(F) when it is:

> [a] memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Rule 11-803(F). The plain language of this rule provides that the exception is for "[a] memorandum, report, record or data compilation." *See* Rule 11-803(F). Thus, it is clear that the business records exception requires some form of document that satisfies the rule's foundational elements to be offered and admitted into evidence and that testimony alone does not qualify under this exception to the hearsay rule. We find persuasive the Georgia appellate court's holding that "testimony regarding the contents of business records, unsupported by the records themselves, by one without personal knowledge of the facts constitutes inadmissible hearsay." *Ingles Mkts., Inc. v. Martin*, 513 S.E.2d 536, 538 (Ga. Ct. App. 1999). "While the testimony is apparently sufficient to identify the records as those of facts duly recorded in the normal course of business, thus qualifying the records for admission in evidence as [an] exception to the hearsay rule, the testimony of the witness based on no personal knowledge, just the records is inadmissible hearsay." *Id.* (alteration omitted) (internal quotation marks and citation omitted); *see also Goodman v. State*, 235 A.2d 560, 562 (Md. Ct. Spec. App. 1967) (holding that it was error to allow a qualified witness to give lay opinion testimony about records, when the records were not admitted, even though they may have been admissible). Accordingly, we conclude that Rule 11-803(F) requires that the physical document, record or report, be admitted into evidence and that testimony about the contents of record not produced is insufficient under the rule.

**{18}** The district court permitted Moeller to testify without the report over Defendant's objections. Even if Moeller was qualified to testify as to the foundational requirements of the business record as the State contends, it was still error for the district court to admit her testimony regarding the price of the television where the record was not admitted into evidence and where she had no personal knowledge of that information. *See State v. Pacheco*, 2008-NMCA-131, ¶ 34, 145 N.M. 40, 193 P.3d 587 ("A district court abuses its discretion when it misapplies or misapprehends the law."). Consequently, the district court erred in admitting Moeller's testimony that the price of the television on the date of the theft was $576. For these reasons, we reverse Defendant's conviction.

**The State Presented Sufficient Evidence to Support a Finding That the Television Had a Market Value of Over $500 on the Date of the Crime**

**{19}** Defendant contends that the State did not present sufficient evidence upon which a rational fact finder could have found, beyond a reasonable doubt, that the television was worth more than $500 on June 22, 2008. We address his argument because he is entitled to

6

greater relief if sufficient evidence was not presented to support his conviction. *See State v. Akers*, 2010-NMCA-103, ¶ 31, 149 N.M. 53, 243 P.3d 757. If we conclude that the State did not present sufficient evidence that the value of the television exceeded $500, Defendant may not be retried on these charges. *See State v. Montes*, 2007-NMCA-083, ¶ 24, 142 N.M. 221, 164 P.3d 102.

**{20}** When reviewing the sufficiency of the evidence presented to support a conviction, we apply a substantial evidence standard. *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891. The reviewing court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). Considering the evidence in the light most favorable to the prosecution means that we indulge all reasonable inferences and resolve all conflicts in the evidence in favor of the verdict. *Id.* When reviewing the sufficiency of the evidence to support a conviction, "we consider all the evidence, including evidence that was improperly admitted." *State v. Lopez*, 2009-NMCA-044, ¶ 27, 146 N.M. 98, 206 P.3d 1003.

**{21}** In shoplifting cases, where the State is required to prove the value of the merchandise that was taken, we have previously held that "'value'. . . means 'market value'" and it can be supported with evidence of the price of the item. *State v. Contreras*, 1996-NMCA-045, ¶¶ 3-4, 121 N.M. 550, 915 P.2d 306. However, in cases where a price set by a store does not reflect the actual market value of an item, the inference established by the price can be rebutted by other evidence. *Id.* ¶ 4.

**{22}** Moeller testified that the retail price of the 32" Sanyo television was $576, excluding any sales tax. She also testified that the price had probably changed at some point in September and was $478 in January 2009 after the theft. Defendant questioned Moeller about Wal-Mart's pricing techniques. She explained that Wal-Mart does not engage in retail reference pricing—the practice of offering items for sale at a fictional price and later discounting to a sale price so that a consumer will feel like he has received a good deal, even though the store has made its fully anticipated profit when it sells the item at the discounted price. Moeller testified that the Artesia Wal-Mart had not sold any other 32" Sanyo televisions in June 2008. She stated that she did not know whether other Wal-Mart stores had sold 32" Sanyo televisions for $576 in June 2008 or how many had sold after the price decreased.

**{23}** Defendant also presented Moeller with a print-out dated September 8, 2008, from Wal-Mart's internet website, that listed a 32" Sanyo television for sale at the price of $498. She explained that she had looked at an intranet database, not Wal-Mart's internet website, to determine the price of the television on June 22, 2008. She explained that she was not familiar with the prices of items on the internet website, because a Wal-Mart store will not price match or price compare Wal-Mart's internet website prices. Moeller acknowledged that the store had occasionally sold display items for a discount of up to ten percent off the marked price because display models do not have a box or an owner's manual.

7

**{24}** Indulging in all reasonable inferences in favor of the verdict, we conclude that the State presented substantial evidence that the value of the television was more than $500 in June 2008. Moeller testified that the price in June 2008 was $576. The fact that the Wal-Mart in Artesia did not sell any 32" Sanyo televisions during that month for $576 does not mean that there was not a buyer that would pay $576 for a 32" Sanyo television in a different month in the Artesia store or at some other Wal-Mart store during the month of June 2008. *See State v. Kleist*, 895 P.2d 398, 401 (Wash. 1995) (en banc) (concluding that the market value of an item is the sale price arrived at by a well-informed buyer and a well-informed seller). Furthermore, because Moeller's testimony supported the idea that Wal-Mart does not engage in retail reference pricing or price matching with its own internet site, there is sufficient evidence that on June 22, 2008, the television was worth more than $500. *See Contreras*, 1996-NMCA-045, ¶ 4 (holding that the inference that ticket price reflects market value could not be sustained when there was testimony that "jewelry [was] *never* sold at the ticket price" (emphasis in original)).

**{25}** For these reasons, we conclude that the State presented substantial evidence that the value of the television exceeded $500. Defendant may be retried on this charge. *See Montes*, 2007-NMCA-083, ¶ 24.

**CONCLUSION**

**{26}** For the foregoing reasons, we reverse Defendant's conviction for shoplifting merchandise worth more than $500, in violation of Section 30-16-20(B)(3). However, retrial is not barred because the State presented substantial evidence to support his conviction. We remand this matter to the district court for retrial of the felony shoplifting charge.

**{27}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Cofer*, Docket No. 29,717**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-SH | Shoplifting |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-NT | New Trial |

| | |
|---|---|
| CA-SE | Substantial or Sufficient Evidence |
| **EV** | **EVIDENCE** |
| EV-DO | Documentary Evidence |
| EV-EE | Exclusion of Evidence |
| EV-HR | Hearsay Evidence |